NEW YORK May, 1835

Hall
v.
Luther.

Judgment affirmed.

---

HALL *vs.* LUTHER and others.

Proof by a subscribing witness, to a bond executed by several persons, that he remembers the transaction in reference to which the bond was given. that he recollects seeing some of the obligors, but cannot say that he saw A. and B., two of the obligors at the time, but that he presumes that he saw *all* the obligors sign the bond, or that they acknowledged the execution of it, or he would not have witnessed it, is *prima facie* sufficient to entitle the party to read the bond in evidence.

In an action by a sheriff against his deputy on his official bond, for indemnity against a fine imposed for not returning an execution, it is enough to produce the proceedings from the files of the court imposing the fine, and to show the order made by the court, without showing that there was a rule to return the execution or an attachment against the sheriff, especially where the deputy had notice of the proceedings against the sheriff.

In such action the defendants are *estopped* from denying the official character of the plaintiff; at all events, proof by *reputation* is sufficient.

The omission of a sheriff to file his official bond within 20 days after notice of his election, does not affect his office, provided he execute and file it within 15 days after the commencement of his term of office.

THIS was an action of *debt*, tried at the Onondaga circuit in March, 1833, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The action was on a bond given by *Luther* as *under sheriff*, and by the other defendants as his sureties to the plaintiff, as *sheriff* of the county of Onondaga, conditioned for the faithful discharge by Luther of the duties of the office of under sheriff and to save harmless and indemnify the plaintiff. After setting forth the bond, the plaintiff alleged the delivery of an *execution* issued from the Onondaga common pleas, to Luther, to be executed; that he levied upon sufficient property to satisfy the execution, but left it in the possession of the defendant in the execution, and suffered it to be removed from the

NEW YORK, May, 1835.

Hall v. Luther.

bailiwick of the sheriff, by means whereof the writ was not executed, and the money was not ready, &c. The plaintiff then averred that on the 4th June, 1832, the common pleas imposed upon him a *fine* of $264,53, for not returning the execution, and due proceedings had, of which Luther had notice, and that on the 6th of June he paid the fine, whreby an action had accrued, &c. In another breach it was alleged that Luther *did not levy,*and in another that he *did not return* the execution. The defendants pleaded 1. *Non est factum ;* 2. That the plaintiff was not sheriff, and 3. That Luther, by the direction of the plaintiff, delivered over the execution to another deputy, while the property remained in the possession of Marshall. Upon the last plea the plaintiff took issue.

On the trial the plaintiff produced the bond declared upon. The subscribing witness testified that he subscribed his name to the execution of the bond ; that he remembered that the sheriff was, on the day of its date, taking bonds of his deputies ; that he recollected seeing some of the obligors at the time ; that he could not say that he saw *Skinner* and *Carpenter*, (two of the obligors,) but he presumed that he saw *all* the obligors sign the bond, or that they acknowledged the execution of it, or he would not have witnessed it. The defendants objected to the sufficiency of this proof, but the objection was overruled, and the bond read to the jury. The delivery of the execution to Luther, and his declarations that he had levied upon sufficient property to satisfy it, were proved. The plaintiff then produced from the *files* of the common pleas the proceedings had against him for not returning the execution, and read from the *minutes* of the court a rule or order, imposing upon him a fine of $264,53, being the amount of the execution, with the costs of the proceedings against him. This evidence was objected to, but received. The plaintiff also proved the payment of the fine imposed upon him, and that Luther had notice of the proceedings against him, was requested to oppose the same, and refused to do so. The plaintiff rested. The defendants moved for a *nonsuit*, on the ground that it had not been shown that the plaintiff had been ruled to return the execution, or that an attachment had been issued against him. The judge refused the motion. The plaintiff

called a witness, and proved that he was *reputed* to be the

sheriff of Onondaga. This evidence was objected to, but received. The defendants offered to prove that the plaintiff did not execute his *official bond* within 20 days after notice of his election as sheriff; which evidence was objected to, and excluded. Evidence was then given on both sides, under the third plea of the defendants, and the facts were submitted by the judge to the jury, who found a verdict for the plaintiff, for his debt, and $281,$\frac{60}{100}$, damages. The defendants ask for a new trial.

*J. A. Spencer*, for the defendants.

*M. T. Reynolds*, for the plaintiff.

*By the Court* SAVAGE, Ch. J. The questions of fact were fairly submitted to the jury, and passed upon by them; the verdict should not be disturbed, unless there has been some erroneous decision of the judge in the progress of the trial.

The first objection was to the proof of the instrument. The witness did not recollect the fact of witnessing the signature of two of the obligors, but he recollected that on the particular day, the sheriff was employed in taking security from his deputies: he, the witness, was the county clerk. He had witnessed the bond, and was satisfied that he had not done so, without the execution of the bond took place in his presence, who was acknowledged to him. This was sufficient to go to the jury. In *Piggott* v. *Holloway*, 1 *Binn.* 436, the subscribing witness to a warrant of attorney stated, that he was at a particular place on the day when the instrument was dated; his name was in his hand-writing; the defeasance was in his hand-writing, and the impression upon the seal from an engraving he had. He was convinced, from these circumstances, that he was present, and witnessed the instrument. *See* 1 *South.* 148. In *Dan* v. *Brown*, 4 *Cowen*, 486, 9, one witness proved a will, which was lost or destroyed; he was confident there were *three* witnesses, though the person who was the *third* witness was not recollected; but he must have been a credible witness, because the regularity of the execution o

the will was entrusted to him, the witness, and he had no doubt the third witness was credible. This was held sufficient.

The proceedings produced from the files and minutes of the court were sufficient, without showing the regularity; as Luther had notice of the proceedings, and was applied to to furnish affidavits to oppose the motion for a rule imposing a fine upon the sheriff. If there was any irregularity in the proceedings, a motion should have been made in the common pleas to set them aside.

Proof, by *reputation*, that the plaintiff was sheriff, was sufficient, if indeed any proof was necessary, when the defendants had, under their hands and seals, admitted the fact, and one of them had received an appointment under him as such. We have decided at this term, that a trial, recited in an instrument signed by the defendant is sufficient proof of the fact, and dispenses with the production of a record. *Bradstreet* v, *Conkling, post.*

The offer by the defendant's counsel to prove that the plaintiff had not complied with the requirements of the revised statutes was properly overruled on several grounds. 1. The defendants are estopped by their bond from denying the plaintiff's character, which they have solemnly acknowledged. 2. He was sheriff *de facto*, and his title to his office could not be enquired into collaterally; a proceeding in *quo warranto* should be instituted. 3. If such proceeding were had, it has been decided in *The People* v. *Holly*, 12 *Wendell*, 481, that the statute requiring a bond to be given by a sheriff in 20 days after notice is directory merely; and it is sufficient, if he execute and file it within 15 days after the commencement of his term of office.

New trial denied.