## JOHN S. FAKE, Respondent, v. JONATHAN E. WHIPPLE AND ISAAC T. GRANT, Appellants.

*Collector's Bond—Disability of Sureties—Delivery of Warrant.*

Immediately upon the receipt of his warrant for collecting taxes, the collector becomes a debtor to the county in the sum he is charged with collecting; and he can discharge such indebtedness either by producing the proper vouchers that he has paid over the money, or by his affidavit that certain taxes remain unpaid, and that upon diligent inquiry he has been unable to discover any property belonging to the persons charged with such taxes whereof he could levy the same.

It is no defence to an action brought against the collector for not paying over the moneys charged to him, that the warrant was not delivered to him in season to enable him to make the collections by law. He must show by proper vouchers that he has paid over all that came to his hands as collector, either by voluntary payments, or otherwise.

THIS is an action brought by the supervisor of the town of Lansingburgh, in the county of Rensselaer, against Henry S. Tracy, collector of said town, and Jonathan E. Whipple and Isaac T. Grant, the sureties of said collector on his official bond. The action was originally brought by James I. Adams, as supervisor of said town, and the Appellant, as successor of Adams in that office, is substituted as Plaintiff.

The Plaintiff claims to recover the sum of $860 on said bond, as the amount for which the collector is in default, and for which he and his sureties are liable on said bond.

The cause was tried before a Justice of the Supreme Court, without a jury, in February, 1860, at the Rensselaer Circuit. A judgment was rendered, and duly entered, on the 24th of March, 1860, against said Henry S. Tracy, by default, for $986.12, damages and costs, and, as to the Defendants Whipple and Grant, the complaint was dismissed with costs.

From this judgment the Plaintiff appealed to the General Term of the Supreme Court.

On the trial, it was admitted that James I. Adams was duly

elected supervisor of the town of Lansingburgh, for the years 1857 and 1858, and was duly qualified; and that Henry S. Tracy was also duly elected collector of said town for said years, and was duly qualified; and the following facts were found by the Court:

The due execution of the bond in suit by the collector and his sureties, which was for the faithful execution by said Tracy of the duties of collector, and which was dated on the 23d of January, 1858, and the approval of the bond by the supervisor, and his filing it with the county clerk, were proved, and were found by the Court. The bond was given in evidence without objection.

The corrected assessment roll, with the warrant annexed, duly signed and sealed for the town of Lansingburgh, for the year 1857, was proved, and given in evidence, and the same proved to have been delivered by the clerk of the Board of Supervisors of Rensselaer county, for the year 1857, to James I. Adams, then supervisor for the town of Lansingburgh.

The assessment was completed by the Board of Supervisors on the 20th of January, 1858, on which day the Board adjourned.

On or about the 23d of January, 1858, and in the month of January, 1858, and after the bond executed by Tracy and his sureties had been delivered to Adams, the supervisor, and after Adams had stated to Tracy his approval of the sureties, and that they were satisfactory, the supervisor delivered the corrected assessment roll, and warrant annexed, to the collector.

The warrant directed the payment of the moneys therein specified to be made by the collector on or before the first day of February then next.

On the 19th day of January, 1858, the Board of Supervisors passed a resolution extending the time for the collection of taxes in the towns of the county of Rensselaer, until the first day of March, 1858, provided the collectors should pay in to the county treasurer all moneys by them received, at the expiration of the first thirty days after receiving their warrants.

Tracy, the collector, was informed of this resolution. After receiving the warrant, the collector proceeded to collect the taxes

under it, and a considerable amount was collected in the month of February, 1858. They appear to have been voluntary payments.

The warrant required him to collect and pay over to the county treasurer the sums of $4,309.42, and $8,866.93, amounting in all to the sum of $13,176.35. He proved on the trial, by receipts of the county treasurer, only the following sums to have been paid to the latter at the dates as follows:

| | |
|---|---|
| March 3, 1858.............................. | $7,485 80 |
| April 12, 1858.............................. | 4,531 73 |
| May 14, 1858.............................. | 130 32 |
| Amounting in all to ..................... | $12,147 85 |

Being less than the amount required by $1,028.40, and it was admitted " that the collector, Tracy, failed to execute the warrant (by returning to the county treasurer all the sums therein directed to be paid to the county treasurer) to the extent of $860."

On the 4th of June, 1858, the treasurer of Rensselaer county issued his warrant to the sheriff of Rensselaer county, for the collection of $860, the amount of the defalcation of the collector.

On the 8th of June, 1858, the sheriff of Rensselaer county returned the warrant unsatisfied for want of goods, etc., whereon to levy, the sheriff having in vain endeavored to collect the money as directed by the warrant.

After the return of the warrant of the county treasurer unsatisfied, the supervisor, having been notified of the fact by the treasurer, commenced this suit. The Judge dismissed the complaint as to the sureties, principally on the ground that the warrant was not delivered to the collector within the time contemplated by law, so as to enable him by compulsory measures to enforce the same against delinquent tax-payers. The Plaintiff duly excepted.

The General Term reversed the judgment of the Special Term,

and ordered a new trial. From this order the Defendants appeal to this Court, stipulating that judgment absolute might be given against them, if the said order was affirmed.

*C. C. Parmelee* and *W. A. Beach* for Appellants.
*John H. Reynolds* for Respondent.

HUNT, Ch.J.—Immediately upon the receipt of his warrant as collector, the Defendant Tracy became a debtor to the county of Rensselaer in the sum of $13,176.45. The statute makes it the duty of the county treasurer to charge to the collector the sums to be collected by him upon the warrant. (R. S., Part I., Chap. XIII., Title II., Art. 3, Edm. ed., Vol. I., p. 368, § 38; Muzzy *v.* Shattuck, 1 Denio, 233.) This indebtedness could be discharged in one of two modes only: First, by producing to the county treasurer a duplicate receipt of the officer to whom the collector is directed to pay. particular sums of money; or, second, upon his affidavit that certain taxes remain unpaid, and that, upon diligent inquiry, he has been unable to discover any property belonging to the persons charged with such taxes, whereof he could levy the same. (R. S. Part I., Ch. XIII., Tit. III., Art. I., Edm. ed., pp. 370, 371, §§ 6, 10.) When it was proved, as it was proved, and as was not denied by any of the Defendants, that Tracy had not accounted for the sum with which he stood charged, in one of these two modes, he was in default, to the amount so failed to be accounted for. When a warrant had been issued to the sheriff to collect that amount of Tracy, and had been returned unsatisfied, it was also clear, no other facts being established, that the Defendants, as sureties of Whipple, were liable for the amount thus sought to be collected of him. (See Stat. supra.)

The Defendants, the sureties, claim exemption upon the ground that the warrant for collection was not delivered to their principal until January 23, 1858; that the statute required him to give a notice of thirty days before he could enforce collections, and that the same statute required him to return his warrant on the first day of February next ensuing. They insist that the statute involved an impossibility; and that, having only six days in which

he could receive voluntary payments, and there being no period in which he could enforce his collections, he should not be held liable.

I am strongly impressed with this argument; and, if it had proceeded one step further, and the parties had shown that the collector had not actually received the money, it would have controlled my judgment. Nothing can be more unreasonable than to compel a collector to account for $13,000, and, at the same time, to deprive him of the means of collecting the amount from those required by law to pay it. It would, however, be equally unreasonable to discharge the collector, or his sureties, from a liability for moneys which had been actually received by the collector. He had six days before his warrant was legally returnable, in which he was authorized to receive payments. I know of no reason why he could not also have received payment afterwards, and at all times, while he held the warrant in his hands. It was proved that large sums were paid to the collector; and, indeed, he admitted the payment to him of nearly the whole amount called for by his warrant. He failed, however, to prove, in the manner required by the statute, or in any manner, that he had not actually received the whole sum specified in his warrant. If it was true that he had not received it, this fact could have been so readily proved, that its absence is quite significant. (See Van Rensselaer v. Snyder, 13 N. Y., 299.) The presumption, both of fact and of law, is, that he received the whole amount collectable upon his warrant, and that he retains in his own hands the balance unaccounted for. In justice, therefore, as well as by the strict terms of the statute, the sureties should be held responsible.

This is the only point upon the appeal requiring our attention. The Defendant Tracy, having accepted the office of collector, acted under it, and the Defendants having signed his bond as sureties in such office, and Tracy having received the moneys as such collector, and paid over a portion of them, it is altogether too late to argue that he never became collector. (Hall v. Luther, 13 Wend. 491; People v. Falconer, 2 Sand. 81; Lee v. Clark, 1 Hill, 56.)

Judgment of the General Term should be affirmed ; judgment absolute ordered for the Plaintiff for $860, with interest from June 4, 1858, with costs.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.