ALVIN C. BRADLEY, Supervisor, etc., Respondent, *v.* WILLIAM G. WARD et al., Appellants.

GEORGE J. GREENFIELD, Supervisor, etc., Respondent, *v.* WILLIAM G. WARD et al., Appellants.

Where a copy of an assessment roll is delivered to a town collector with the proper warrant attached, it is not necessary, in order to protect a collector acting thereunder, that it be accompanied by the affidavit of the assessors or a copy thereof. The warrant and copy roll constitute the process; the absence of the affidavit affords no presumption that it was not made and attached to the original roll delivered to the supervisor, and by such absence, therefore, no want of jurisdiction is made to appear.

The provision of the statute (1 R. S., 396, §§ 36, 37), requiring the assessment roll and warrant to be delivered to the collector by the fifteenth of December, is directory merely. A delay in the delivery until after that time does not invalidate the warrant.

In an action upon a bond given by a collector of one of the towns of Richmond county, under the provisions of the act of 1872 (chap. 73, Laws of 1872), extending the time for the collection of taxes in said county to the 25th of May, 1872, and prescribing a return day for the warrants, *held*, that while a delay in the delivery of the warrant to the collector, such as rendered it impossible, after complying with the other requirements of the original statute, to seize and sell property, and

pay over the moneys collected within the time required thereby, would have relieved him from the obligation to institute compulsory proceedings, the extension of the time made it possible and obligatory upon him; and that the prescribing of a return day in said statute supplied a defect in the omission of a return day in the original warrant.

Also, *held,* that an outstanding warrant not in force at the time of the passage of said act, it not having been renewed under the general extension act of 1872 (chap. 10, Laws of 1872), was revived and renewed by said first mentioned act.

Defendants offered to show, that when the warrant was executed the several amounts of taxes specified in the roll were not entered therein, but were subsequently inserted by one B. *Held,* that the offer was properly rejected; that it did not repel the idea that B. inserted such amounts as the board of supervisors directed, and that the circumstance of signing first, and filling in the amounts afterward, if done by the board or under their direction at the time, did not invalidate the warrant.

Whether such an irregularity, if it existed, could be urged against the collector, *quære.*

*It seems,* that where a warrant is void upon its face, it is a defence in an action upon the collector's bond for not enforcing collection of the taxes, where he has paid over all he has collected; and the collector is not estopped from setting up such defence.

(Argued September 24, 1874; decided October 6, 1874.)

APPEALS from judgments of the General Term of the Supreme Court in the second judicial department, affirming judgments in favor of plaintiffs, entered upon verdicts. (Reported below, 1 N. Y. S. C. [T. & C.], 413.)

These actions were brought upon bonds given by defendant Ward, in pursuance of the act extending the time for the collection of taxes in Richmond county, passed March 1st, 1872. (Chap. 73, Laws of 1872.) Ward was collector of the village of Edgewater, and as such received the assessment rolls for so much of the towns of Middleton and Southfield, as lie within said village.

The bonds each recited the previous receipt of the assessment roll of the town, and warrant, by Ward; the amount of taxes to be collected; the amount collected and paid, and the balance unpaid; and were conditioned for the faithful performance of his duty as collector. The complaint in each case alleged, and the answer admitted, that Ward failed to

pay over and account for the full amount called for by the roll; that a warrant was issued by the treasurer to the sheriff, which was returned unsatisfied.

The answers set up the following defects in the assessment rolls and warrants delivered to him: That they did not contain any oath of the assessors; that they were not delivered to the collector until January 31st, 1872, instead of December 15th, 1871, as directed by the statute; that the warrants in question were not in force at the time of the passage of the act of March 1st, 1872, and were not affected by it, they not having been renewed as required by the general act extending the time for collecting taxes throughout the State. (Chap. 10, Laws of 1872.) Also, in the case first entitled, that no return day was specified in the warrant, and that when the warrant was executed the assessment roll was incomplete. Upon the trials offers were made to prove the alleged defects, and that Ward paid over all the moneys collected by him; but the evidence was excluded. Further facts appear in the opinion.

*George W. Wilson* for the appellants. Defendants were not estopped by their bonds from showing the inability of Ward to collect the tax by reason of defects in the process. (*Brewster* v. *Striker*, 2 N. Y., 41; *Caldwell* v. *Colgate*, 7 Barb., 254; *Harmon* v. *Brinckerhoff*, 1 Den., 184; *Westfall* v. *Preston*, 49 N. Y., 349.) The excluded evidence would have shown the warrants defective and illegal, because they did not contain the return day required by law. (1 R. S., 396, § 37; *Sheldon* v. *Van Buskirk*, 2 N. Y., 478; *McCluskee* v. *Cranwell*, 11 id., 593, 601; *Fake* v. *Edgerton*, 5 Duer, 681; *Park* v. *Church*, 5 How., 382.) Also, because the warrant was executed in blank and afterward filled up. (*Newman* v. *Supervisors*, 45 N. Y., 690; *Bellinger* v. *Gray*, 51 id., 610, 621.) It would have shown assessment rolls void on their face for want of the affidavits of the assessors. (Chap. 176, Laws of 1857; *Van Rensselaer* v. *Whitbeck*, 7 N. Y., 517; *Westfall* v. *Preston*, 49 id., 349; *Sheldon* v. *Van Buskirk*,

2 id., 477.) The court erred in excluding evidence that Ward paid over all the money collected by him, as his duty was only to pay over the money voluntarily paid. (*Fake* v. *Whipple*, 39 N. Y., 394.)

*David B. Williamson* and *C. W. West* for the respondents. Upon receipt by Ward of the assessment rolls and warrants he became a debtor for the amount of the taxes and could discharge himself only by payment and by oath that the amount unpaid could not be collected. (1 R. S. [5th ed.], 921; *Muzzy* v. *Shattuck*, 1 Den., 238; *Looney* v. *Hughes*, 30 Barb., 608; *Fake* v. *Whipple*, 39 N. Y., 394.) A copy of the assessors' affidavits was not part of and was not required to be included in the copy assessment roll. (1 R. S. [5th ed.], 913, § 13; 914, § 35; *Boyd* v. *Gray*, 34 How., 327, 333.) The objection that the warrants contained no return day, and were not issued until after December fifteenth are untenable; they did not invalidate the warrants. (*People* v. *Allen*, 5 Wend., 406; *People* v. *Supervisors*, 34 N. Y., 272; *Thomas* v. *Clapp*, 20 Barb., 165; *Gale* v. *Mead*, 2 Den., 160; *Heath* v. *Roome*, 3 Hill, 42; *Jackson* v. *Torney*, 5 Cow., 269; *Wood* v. *Chapin*, 13 N. Y., 509; *In re Empire City Bank*, 18 id., 200; *People* v. *Holley*, 12 Wend., 481; *Striker* v. *Kelley*, 7 Hill, 9; *Looney* v. *Hughes*, 26 N. Y., 514; Potter's Dwarris on Stat., 372; Smith on Stat., 670; *Fake* v. *Whipple*, 39 N. Y., 394; *Torry* v. *Millsburgh*, 21 Pick., 67.) It is to be assumed that the taxes were properly extended. (*Coleman* v. *Bean*, 32 How., 370; *Onderdonk* v. *Voorhies*, 36 N. Y., 361.) The act of 1872 included and revived the warrants if not renewed. (Potter's Dwarris on Stat., 193, 203, note; *Holmes* v. *Carley*, 31 N. Y., 290.) Defendants are estopped by the recitals in the bond from denying the validity of the warrants. (*Bromman* v. *Taylor*, 2 A. & E., 98; *Lawson* v. *Tresnere*, 1 id., 792; *Carpenter* v. *Butler*, 3 M. & W., 312; *Horton* v. *Westminster*, 7 Exch., 780; *Hill* v. *Manchester*, 2 B. & A., 544; *Shelley* v. *Wright*, Willis, 11; *Hills* v. *Lanning*, 9 Exch., 256; *Annandale* v. *Harris*, 2 P. Wms., 432; *Stowe* v.

*Wyse,* 7 Conn., 220 ; *Billingsley* v. *State,* 14 Md., 369 ; *Cutler* v. *Dickinson,* 25 Mass., 388 ; *Allen* v. *Magruder,* 3 Cranch, 6 ; *Crane* v. *Ingalls,* 3 N. H., 617 ; *Larco* v. *Casanenova,* 30 Cal., 560 ; Bigelow on Estoppel, 295, 319 ; Herman on Estoppel, 271, 274 ; *Coleman* v. *Bean,* 14 Abb., 38 ; S. C., 32 How., 370 ; *Decker* v. *Judson,* 16 N. Y., 439 ; *Fake* v. *Whipple,* 39 Barb., 339 ; S. C. affirmed, 39 N. Y., 394 ; *Lee* v. *Clark,* 1 Hill, 56 ; *Denn* v. *Cornell,* 3 J. Cas., 174 ; *Jackson* v. *Thompson,* 6 Cow., 178 ; *Freeman* v. *Auld,* 44 N. Y., 50 ; *Bradstreet* v. *Clark,* 12 Wend., 670.) They are estopped *in pais.* (*Dezell* v. *Odell,* 3 Hill, 215 ; *Cornell* v. *Dakin,* 38 N. Y., 253 ; 1 Greenl. Ev., § 207 ; *Bradstreet* v. *Clark,* 12 Wend., 670.)

CHURCH, Ch. J.   These actions were against a collector and his sureties, for a failure to collect the full amount of warrants delivered to him.   The bonds were given in pursuance of chapter 73 of the Laws of 1872, passed March 1, 1872, which extended the time for the collection of taxes in the county of Richmond to the 25th of May, 1872, upon condition that the collectors should pay over the money collected and renew their bonds, with sureties to the satisfaction of the supervisors of the respective towns, " and in such case the warrants already issued for this purpose shall continue in full force and effect until that date."   We must assume, from what took place upon the trial in each case, that the collector had paid over, at the commencement of the action, all the money which he had collected, and had sworn off, under the statute, the amount uncollectible for want of property liable to seizure for taxes, and had received credit therefor on the books of the treasurer, and the balance only of the amount specified in the warrant was sought to be recovered.

The defence interposed, which was overruled and is now insisted upon, is that there were certain defects in the warrant and assessment roll delivered to the collector which rendered them invalid in his hands as a process, and would furnish no protection to him for seizing property under it.   The respond-

ents urge two answers against this defence : First, that the
defendants are estopped by the recitals in the bond; second,
that the warrant was sufficient to protect the collector. We
shall consider the last point first. The most serious objection
urged to the warrant is the absence of the affidavit of the
assessors upon the copy of the assessment roll to which the
warrant was attached. The statute provides that the assess-
ment roll, or "a fair copy thereof," may be delivered to the
collector, with the warrant attached. In this case a copy of
the assessment roll was used, but neither the original affidavit
of the assessors or a copy thereof appears upon it. There is
no question but that the affidavit of the assessors, substantially
in the form prescribed by the statute, must be attached to the
roll in order to give the supervisors jurisdiction to levy the
tax, and that a defect in this respect renders their proceedings
invalid. This is an indispensable condition to the validity of
their action. In *Van Rensselaer* v. *Witbeck* (7 N. Y., 517)
the original assessment roll, with the affidavit, was delivered
to the collector with the warrant, and the affidavit being
defective, it was held that the supervisors had no jurisdiction,
and " that the defect of jurisdiction in this case being apparent
on the face of the instrument, it was no protection to the
collector. This decision was approved in *Westfall* v. *Preston*
(49 N. Y., 349). In this case the original roll was used, and
the affidavit appearing to have been made before the time
when, by law, the assessors had a right to make it, the pro-
ceedings were held void. ALLEN, J., in delivering the
opinion, said : " The affidavit made a part of the assessment
roll delivered to the collector with the warrant, and as it dis-
closed the want of jurisdiction in the board of supervisors to
act, the process furnished no protection to that officer." These
decisions establish that, when a defective affidavit appears
upon the face of the process in the hands of the collector, he
is not protected ; but I am not aware that this court has ever
determined that it is necessary, when a copy of the roll is
used, to attach the affidavit, or a copy, to it, in order to pro-
tect the collector. In *Boyd* v. *Gray* (34 How. Pr., 323) it

was expressly decided that it was unnecessary that the affidavit should appear upon the copy of the assessment roll delivered to the collector.  That was a special proceeding to enforce the tax, under the statute of 1842, by the assessors, and the decision upon this point was made upon the merits, and is entitled to respect, though not binding as an authority.  The question ought to be definitely determined.  The rule of liability of ministerial officers, like collectors of taxes, was very clearly laid down in *Savacool* v. *Boughton* (5 Wend., 170), that if the subject-matter is within the jurisdiction of a tribunal of subordinate jurisdiction, the officer who executes process issued is protected, unless the want of jurisdiction appears by such process.  When the assessors have completed the roll, they are required to make the prescribed affidavit, which is to be written on the roll and delivered to the supervisor.  (Laws of 1851, chap. 176, § 8.)  This affidavit completes the record on the part of the assessors, and is indispensable to the jurisdiction of the supervisors.  The supervisors are then required to examine the roll, equalize the valuation among the several towns of the county, revise the list of non-resident lands, and set down the tax opposite the respective valuations of real and personal estate.  (1 R. S., 395, 396.)  The corrected assessment roll, or a fair copy thereof, is to be delivered to the collector, to which a warrant is to be attached, etc.  (Secs. 36, 37.)  The warrant and roll constitute the process, and there is nothing in the statute requiring such corrected assessment roll, especially when a copy is used, to contain the affidavit or a copy of it.  The terms completed assessment roll and corrected assessment roll are distinct from the affidavit, and the absence of a copy of the affidavit from the copy of the roll in the hands of the collector affords no presumption that the affidavit was not made and attached to the original roll delivered to the supervisors.  The warrant is in the nature of an execution, commanding the collection of certain taxes, and the roll is required to be used as the best and most authentic list of names, property and amount.  The supervisors have jurisdic-

tion to issue this process, but the facts necessary to confer jurisdiction upon them need not be stated in it. The statute and the good sense of the requirement is complied with by attaching the warrant to a copy of the roll, without the affidavit. In such a case the want of jurisdiction would not appear upon the face of the instrument, as the presumption cannot be indulged that the affidavit had not been made upon the original roll; and if sued for seizing property, these papers, if genuine and otherwise regular, would afford protection to the collector. It would be different if the affidavit appeared upon the papers and was defective. In an action against the supervisors, such a process would afford no protection to them, but the facts giving them jurisdiction would be requisite. I concur upon this point with the opinion of JOHNSON, J., in *Boyd* v. *Gray* (*supra*).

It was also offered to be shown that the warrant was not delivered to the collector until the thirty-first of January, instead of the fifteenth of December, as directed by the statute. The delay does not invalidate the warrant. The statute is directory. (6 Wend., 486.) The delay in delivering the warrant would doubtless relieve the collector from the obligation to institute compulsory proceedings, if the time specified in the original statute for paying over the money, had not been extended as it would have been impossible to seize and sell property after complying with the other requirements of the statute, but the extension by the statute (chap 73, of the Laws of 1872) to the twenty-fifth of May, if applicable, obviated the force of this point.

It is also claimed in the case of Bradley, that the warrant was void on its face, because no return day was specified in it. The statute last referred to obviates this objection also. This statute prescribed a return day and supplied the defect in the original warrant. In any action against the collector this statute would have afforded a perfect answer to the objection suggested to the warrant.

It is urged, however, that this statute does not apply to the warrants in these cases, because it does not appear and must

be assumed that they were not in force at the time of the passage of the act (March 1, 1872), not having been renewed under the general act. (Chap. 10, Laws of 1873.) The language of the act, "shall continue in force," doubtless implies or assumes that the warrants referred to were then in force. But I think a fair construction, and the one which would be given to the act in an action against this collector, is, that the outstanding warrants then in the hands of the collectors, should be revived and renewed and vitalized for the purpose of collecting the unpaid taxes in that county. The object, of the act was to extend the time for a particular county, and it is presumed that the act was passed with reference to the existing facts. It is the duty of courts if possible to carry out the purposes of a statute, and this can be done without violating any legal rule by construing it as though it read that the warrants, "shall *be* in force and full effect," etc.

It was also offered to be proved on the trial that when the warrant was executed the several amounts specified were not inserted, but were subsequently inserted by one Brick. The offer is somewhat vague. It does not repel the idea that Brick performed a mere clerical duty of inserting such amounts as the supervisors directed. The circumstance of signing first and filling the amounts afterward, if done by the board or their direction at the time, would not invalidate the warrant. The recent case of *Bellinger* v. *Gray* (51 N. Y., 610) holds substantially that the assessment roll must be perfected by the board of supervisors, and that their duties cannot be delegated, and the same principle probably applies to the warrant, but the offer was not broad enough to bring the case within the decision. The facts offered to be proved might be true, and yet the warrant made perfect by the direction of the board, and in their presence, and besides it may well be doubted whether such an irregularity, if it existed, could be urged against the collector.

These are the only objections made to the warrant and assessment roll, and I am of opinion that they are not suf-

ficient to invalidate them, so as to render the collector liable as a trespasser.

These views render it unnecessary to determine the question whether if the warrant was void on its face, it would be a defence in this action. My opinion is that it would. It is said in several cases that the statute provides but two modes of being relieved from liability by a collector: First, by payment; second, by swearing off, on the ground that property cannot be found. These decisions assume that the collector has a valid warrant. Nor do I think that the collector is estopped from setting up the invalidity of the warrant. The condition of the bond is, that he shall faithfully execute the duties of collector. If he pays over all the money collected, and discovers that his warrant is fatally defective so as to afford him no protection, it seems to me in the highest degree unjust to hold him guilty of unfaithfulness, for refusing to enforce collections under it. I concur with the views of HUNT, J., in *Fake* v. *Whipple* (39 N. Y., 394). The case seems to have been tried upon the theory of absolute liability, but as we think that the alleged defects did not invalidate the warrant, the facts offered to be proved must be held immaterial, and the result justified. Some of the questions have not been well settled by previous adjudications, and if the collector refrained from enforcing collections, believing in good faith that he would be liable personally, he may be entitled to equitable consideration, but we have no power to relieve him.

The judgments must be affirmed.

All concur.

Judgments affirmed.