## THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES A. WRIGHT v. ALFRED C. CHAPIN, THE COMPTROLLER OF THE STATE OF NEW YORK.

*Application to cancel a tax sale made by the comptroller — construction of statutes requiring the filing of the original assessment-roll and of a copy thereof — a defect in the copy filed in the town clerk's office will not invalidate the sale.*

Upon an application to the comptroller for the cancellation of a sale of non-resident land for the non-payment of taxes assessed against it in 1870, it was shown by the applicant that the original tax roll for that year was lost; that a paper on file in the town clerk's office, which purported to be a copy of the corrected assessment-roll of the town for that year, did not have upon or annexed to it the oath of the assessors, nor was there any "fifth column" as required by the statute, nor was the amount of the tax set down in dollars and cents. The affidavits of the collector and the certificate of the county treasurer, filed in the office of the comptroller as required by law, were sufficient in form and substance to authorize the comptroller to make the sale.

*Held*, that the defects in the copy filed in the town clerk's office did not establish the existence of those defects in the original roll.

That the fact that the copy filed in the office of the town clerk for the use of the town, as required by section 35 of 1 Revised Statutes, 396, was not a correct copy of the original roll, did not invalidate the sale.

That the action of the comptroller in refusing to cancel the sale should be affirmed.

CERTIORARI to review the determination of the comptroller refusing to cancel a sale of lands made by the comptroller for the non-payment of taxes.

*Wm. B. Van Rensselaer*, for the relator.

*D. O'Brien*, attorney general, for the comptroller.

LANDON, J.:

The relator applied to the comptroller to cancel the tax sale made by him of certain lots of the relator in the town of Moorhouse, Hamilton county, upon the ground that the alleged tax upon which the sale was made was not lawfully levied. This the comptroller is authorized by chapter 427, Laws of 1855, sections 83, 84, 85, to do upon his discovery "that the sale was for any cause whatever, invalid or ineffectual to give title to the lands sold." The comptroller upon hearing the relator and upon examination of the evidence presented, denied the application and this *certiorari* brings his decision before us for review. (Code C. P., § 2140.)

The sale was made upon default in payment of the tax assumed to have been levied for the year 1870, as upon lands of a non-resident. The affidavits of the collector and certificate of the county treasurer, filed in the comptroller's office, of the levy of the tax and default in its payment, were sufficient in form and substance to authorize the comptroller to make the sale. The comptroller's deed is presumptive evidence of regularity. (*Colman* v. *Shattuck*, 62 N. Y., 348.) The burden, therefore, rested upon the relator to show that the sale was for some cause "invalid and ineffectual to give title to the lands sold;" and the question brought here for review is whether the evidence adduced by him before the comptroller affirmatively showed this. He showed that the original assessment-roll of the town of Moorhouse for the year 1870 was lost. He then gave in evidence a duly verified "copy of a paper writing purporting to be a copy of the corrected assessment-roll of the town of Moorhouse for the taxes of the year 1870 on file in the town clerk's office" of said town. The copy thus copied does not have upon or annexed to it the oath of the assessors, and there is no "fifth column" in it, and no sum is set down thereon of the exact number of dollars and cents to be paid as a tax upon any of the relator's lots.

If this is conclusive evidence of the assessment-roll and of the whole thereof, then it is thereby shown that no valid tax was levied upon the relator's lots for the year 1870. (*Van Rensselaer* v. *Witbeck*, 7 N. Y., 517; *Johnson* v. *Elwood*, 53 id., 431; *People ex rel. Gillies* v. *Suffern*, 68 id., 321; *Bradley* v. *Ward*, 58 id., 401;

*People ex rel. Gillies* v. *Suffern,* 6 Hun, 304; *Hinckley* v. *Cooper,* 22 id., 257.)

The Revised Statutes require the board of supervisors to cause to be delivered to the collector of each town the corrected assessment-roll or a fair copy thereof. (1 R. S., 396, § 36.)

Section 4, chapter 427 Laws 1855, requires the collector in all cases to return and deposit with the county treasurer the *original* assessment-roll.

Section 35 of the Revised Statutes requires the supervisors to cause the corrected assessment-roll or a copy thereof to be delivered to the supervisor who shall deliver the same to the town clerk, to be kept by him for the use of the town.

Construing these sections together, it would seem that the practicable way to give them all effect would be for the board of supervisors to deliver the original roll to the collector, and a copy thereof to the supervisor, in which case the copy would be filed with the town clerk "for the use" of the town.

There was then filed with the town clerk a copy of the corrected assessment-roll, and it is this copy that discloses the absence of an affidavit of the assessors, and the omission of the fifth column, in which the statute requires the amount of the tax to be paid to be entered.

The distinction between the original assessment-roll by which the tax is actually levied, and the copy thereof which may be delivered to the collector or filed with the town clerk is very clearly shown in *Bradley* v. *Ward* (58 N. Y., 401). The absence of the affidavit from the copy affords no presumption that it was not made and attached to the original roll. With respect to the omission of the fifth column from the copy, the evidence justified the conclusion that in that respect the copy was defective. It must be presumed that in this case the original assessment-roll was returned to and deposited with the county treasurer as required by the act of 1855. The records of the comptroller's office do show that the collector made due return verified by his affidavit of the taxes remaining unpaid upon the assessment-roll for the year 1870, in which return were set down the relator's lots with the taxes extended; also that the county treasurer did certify that he "examined and compared such account

with the entries of the same taxes in the original assessment-roll of said town for said year and found the same to be a true transcript from such roll." (Laws 1855, sec. 4, chap. 427.) We thus have statutory evidence, which lies at the foundation of the comptroller's sale, that in the original roll the tax was properly extended. The relator urges that the fact that the "copy" has no fifth column, while the certificate of the county treasurer shows its existence, is evidence that the tax was extended by some one other than the board of supervisors, and therefore invalid under *Bellinger* v. *Gray* (51 N. Y., 610), and *People* v. *Hagadorn* (36 Hun, 610). But it affirmatively appeared in both these cases that a third person, not the board of supervisors, extended the tax. And in *Bradley* v. *Ward* (58 N. Y., 401) it was held that it would not be presumed that such extension was not done under the direction of the board while in session, unless it affirmatively so appeared.

The relator further contends that the direction to file a true copy of the whole assessment-roll in the town clerk's office is mandatory, and if omitted renders the tax invalid. The statute says this copy shall be "for the use of the town." It was held in *Bradley* v. *Ward* (*supra*) that the original assessment-roll, if fully conformable to the statutory requirements, establishes the tax and justifies its collection. This conclusion was reached upon consideration of the defects in the copy delivered to the collector, and seems to answer the objection suggested.

Order of comptroller affirmed, with costs.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Order affirmed, with fifty dollars costs and printing disbursements.