judgment in Sedgwick against Macy, which is set forth in the supplemental answer of the defendants Macy & Pendleton.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Fisher A. Baker, for appellant.
John J. Crawford, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of referee.

---

### In re LONG.

(Supreme Court, Appellate Division, Second Department.   May 2, 1899.)

TAXATION—COLLECTION OF TAXES—CHANGE IN COLLECTORS.
Prior to the expiration of the term of office of a receiver of taxes, the tax roll and warrant for the collection of a tax were delivered to him, but the return day of the warrant had then passed. His successor in office qualified, after which a statute was enacted extending the time for the collection of 'the tax. *Held* that, as there was no valid process for the collection of the tax until the enactment of the statute, the process should be enforced by the person then in office.

Appeal from special term.

Application by George T. Long to compel Edmund G. Sutherland, late receiver of taxes of the town of White Plains, to turn over the books and papers of his office to petitioner, his successor in office. From an order granting the application, Edmund G. Sutherland appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Digney, for appellant.
H. C. Henderson, for respondent.

CULLEN, J.   The object of this application is to obtain possession of the tax roll of the town of White Plains for the year 1898, and the warrant for the collection of the tax. The real controversy is as to whether the petitioner, or his predecessor in office, is entitled to collect that tax and receive the compensation for such service. The appellant was elected receiver of taxes at the town meeting in 1897, under a statute (chapter 52, Laws 1897) which provided that he should hold his office for two years, and until his successor should be elected and qualified. The petitioner was elected receiver of taxes of the town on the 28th day of March, 1899, and on March 30th made and filed his oath of office. He filed his official bond on April 3d, and thereupon demanded of his predecessor the tax roll and warrant. The taxes for 1898 were not confirmed and levied by the board of supervisors until the 17th day of March, 1899. In answer to the petitioner's application, the appellant, Mr. Sutherland, made affidavit that the tax roll and warrant were delivered to him on that day by the supervisor of the town, and that since that time he has proceeded with the collection of the tax. The affidavit of one Edwin R. Hopkins is to the effect that he, for the supervisor, made the com-

putations of the amount of tax to be levied against each person, and filled in such amounts in the column of the tax roll for that purpose; that he completed the work, and returned the roll to Mr. Schirmer, the supervisor of the town, on April 1, 1899. A careful examination of the affidavits shows that a question of fact was presented, as to the date when the completed tax roll, stating the amount of the tax against each person, was actually delivered to the appellant, although the roll, in an incomplete condition, may have been delivered to him by the supervisor on the 17th day of March. However, without discussing this question of fact, we are of opinion that, in any view of the case, the petitioner was entitled to collect the tax, and for that purpose to obtain possession of the tax roll and warrant. We are inclined to concur in the claim of the learned counsel for the appellant that, if a valid warrant for the collection of taxes had been delivered to the appellant while he held the office of receiver of taxes, it would have been both his right and his duty to proceed with the collection of the tax, even though the period for such collection extended beyond the term of his office. The case seems to us quite analogous to that of an execution or other process delivered to a sheriff whose official term expires before the complete execution of the process. The receiver would be charged by the county treasurer with the entire amount of the tax, and, to relieve himself and his sureties from that liability, he must either collect the tax, or make affidavit of the statutory excuses for its noncollection. But the difficulty of applying such a rule in this case is that the return day of the warrant for the collection of the tax had passed before the warrant was delivered to the appellant. Such delivery therefore created no liability, either on his part or on the part of his sureties, for the amount of the tax. He had no power to enforce payment of the tax. We think that his sureties would be responsible for sums voluntarily paid to the receiver, though this case differs from that of Fake v. Whipple, 39 N. Y. 394; for there there was life in the warrant at the time it was delivered to the collector, though it expired before the collector could take compulsory proceedings for the payment of the taxes. There is no proof in this case that any sums have been actually collected by the appellant. But, assuming that the sureties would be responsible for any sums that might have been collected by him while his term of office continued, they would not have been liable for any collected after that time. It would be within their power to show, as a defense to any claim against them, that the warrant was void on its face. Bradley v. Ward, 58 N. Y. 401. Further, there can be no pretense of any liability on their part, except for the amount that was voluntarily paid to the receiver. Such being the rights of the parties, on April 6, 1899, an act was passed by which the time for the collection of taxes in the towns and cities of the county of Westchester was extended to the 15th day of May. At this time the appellant had ceased to be receiver of taxes. The object of this statute was to enable the towns to collect the annual taxes, the compulsory enforcement of which had been rendered impossible by the failure of the board of supervisors to confirm the tax levy in due season. We do not see how the responsibility of the appellant's sureties could

be extended by the act of the legislature. Up to the time the appellant left office, they were responsible for no more than the voluntary payments to him. They could not be made responsible, without their consent, for his subsequent defaults in failing properly to enforce payment of the tax by seizure. The case differs from that of Bradley v. Ward, supra; for there the collector's bond was given after the enactment of the statute, and the statute expressly provided for a renewal of the bond. Further, the warrant for the collection of the tax first received vitality on April 6th, the date of the enactment of the statute. At this time the petitioner was the receiver of taxes, and as then, for the first time, there was a valid process, the process should be enforced by the person then in office.

It follows that the order below was right, and should be affirmed, with $10 costs and disbursements. All concur.