**STATE OF NEW YORK**

v.

**SELIGSON.**

**No. 171, Docket 22942.**

United States Court of Appeals
Second Circuit.

Argued March 1, 1954.

Decided April 5, 1954.

---

**112**

Nathaniel L. Goldstein, Atty. Gen., Wendell P. Brown, Sol. Gen., Albany, N. Y., Francis R. Curran and George Grau, Asst. Attys. Gen., of counsel, for appellant.

Charles Seligson, pro se, David Sive, New York City, for appellee.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CHASE, Chief Judge.

During proceedings for the reorganization of the Journal News Corporation under Chap. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. which followed the filing of its petition on August 31, 1951 Charles Seligson, the trustee of the debtor, sought to have three liens on real property of the debtor held null and void and discharged of record, or in the alternative, to be authorized to sell the property free and clear of the liens which would be satisfied out of the proceeds of the sale. This appeal is only from that part of the order which held one of the liens on real property in New York County invalid; ordered its discharge of record and that the property be sold free and clear of such lien. The facts only as to that lien need be stated.

On January 9, 1951, the debtor being in default in the payment of state unemployment insurance taxes for the third and fourth quarters in 1949 and the first two quarters in 1950, a warrant against it for the amount of such taxes with penalties and interest was issued by the Commissioner and sent from the office of the Industrial Commissioner in the State Department of Labor in Albany to the office of that department in New York City and received there on January 11, 1951, by the Associate Tax Collector in charge of that office, Mr. Siegel. It was issued "to Tax Collector, New York County" and, as found below, commanded the said Tax Collector, "to file a copy thereof within five days after its receipt by him, in the office of the Clerk of the County of New York, New York, and upon receipt thereof said Clerk was directed to enter on the judgment docket the amount of the warrant against said debtor."

At, or soon after, the time Mr. Siegel received the warrant, he had the name of B. Rosenzweig, one of his subordinates, inserted in the blank spaces left in the warrant for that purpose as the person by whom it was to be filed and that was sufficient to authorize Mr. Rosenzweig then to file it. It was not, however, filed by him within five days after it was received in the New York office of the department but was turned over to him on February 27th and filed by him the next day. It was then docketed by the county clerk.

The statute pursuant to which the warrant was issued is § 573(2) of the

New York Unemployment Insurance Law.[1] It provides that:

"In addition and as an alternative to any other remedy provided by this article and provided that no appeal or other proceeding for review provided by title eight of this article shall then be pending and the time for the taking thereof shall have expired, the commissioner may issue a warrant under his official seal, directed to the sheriff of any county, commanding him to levy upon and sell the real and personal property which may be found within his county of an employer who has defaulted in the payment of any sum determined to be due from such employer for the payment of such sum together with interest, penalties, and the cost of executing the warrant, and to return such warrant to the commissioner and to pay into the fund the money collected by virtue thereof within sixty days after the receipt of such warrant. The sheriff shall within five days after the receipt of the warrant file with the clerk of his county a copy thereof, and thereupon such clerk shall enter in the judgment docket the name of the employer mentioned in the warrant and the amount of the contribution, interest, and penalties for which the warrant is issued and the date when such copy is filed. Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real property and chattels real of the employer against whom the warrant is issued in the same manner as a judgment duly docketed in the office of such clerk. The sheriff shall then proceed upon the warrant in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record, and for his services in executing the warrant he shall be entitled to the same fees, which he may collect in the same manner.

"In the discretion of the commissioner a warrant of like terms, force, and effect may be issued and directed to any officer or employee of the department of labor who may file a copy of such warrant with the clerk of any county in the state, and thereupon each such clerk shall docket it and it shall become a lien in the same manner and with the same force and effect as hereinbefore provided with respect to a warrant issued and directed to and filed by a sheriff; and in the execution thereof such officer or employee shall have all the powers conferred by law upon sheriffs, but he shall be entitled to no fee for compensation in excess of the actual expenses paid in the performance of such duty.

"If a warrant is returned not satisfied in full, the commissioner shall have the same remedies to enforce the amount thereof as if the commissioner had recovered judgment for the same."

The district judge construed the statute to require the warrant to be filed within five days after it had been received at the New York office of the Department of Labor. The Tax Collector there was by its terms commanded to file it within that time. Failure to file it within such five-day period was the sole ground upon which the lien was held invalid.

We are unable to agree that the filing and docketing of the warrant as here shown did not create a valid lien. In the absence of an authoritative construction of this statute by the state courts to which we can turn for the solution of the problem, we undertake to forecast as best we can how such courts would construe it and in so doing refrain from a more extensive construction than the precise issue now presented requires.

---

1. Art. 18 of the New York Labor Law, McK.Consol.Laws, c. 31.

Consequently, we find it unnecessary to decide whether, had the warrant been directed to the sheriff of New York County, a valid lien would have been created if he had waited more than five days after he received it before filing it. It may be, however, that even as to a sheriff the five-day provision for filing is merely directory. Cf. Bradley v. Ward, 58 N.Y. 401. Of course non-compliance with that might affect lien priority and be decisive on the question of the liability of a sheriff charged with nonfeasance, but that question is not here.

The record shows that this warrant was made out in Albany with the exception of the blank spaces left to be filled in with the name of some "officers or employees of the department of labor" when it reached the New York office of that department.

The statute does not, however, in express language provide for the filing of a warrant within five days after it was received in the New York office, but that it may, if "of like terms, force, and effect", be "issued and directed to any officer or employee" who may file a copy. There is no statutory language to indicate when the filing must be done by an officer or employee unless the words "of like terms, force, and effect" carry into this part of the statute the five-day time limit in respect to filing by a sheriff. We think they do not for the following reasons.

The transfer of the warrant from one office of the department to another did not remove it from the constructive possession of the Commissioner. Such a transfer may be likened to the sending of it from one room to another in the Albany office and left the Commissioner, through his subordinates, still performing administrative functions preliminary to the filing of the warrant in the County Clerk's office when, and if, circumstances required that. We find nothing in the statute which indicates a legislative intent to limit the time within which the warrant must be filed in a County Clerk's office after it has come into existence but remains in the custody of the Commissioner. On the contrary, it permits timely preparation of warrants for filing and for such withholding of filing, after preparation for that is complete, as good administration may require in the light of whatever change may occur in circumstances in respect to the collection of the taxes. Otherwise warrants prepared for filing promptly when, and if, that might be needed would become stale while remaining in the department's files after being transferred from one department office to another and have to be periodically reissued to keep them current. The language of the statute does not expressly make such a wasteful and useless proceeding a condition upon the validity of a warrant. Nor would it protect any rights of the taxpayer. No lien would be created upon his property until the warrant was filed and docketed in the County Clerk's office and it would make no difference as to that whether a warrant filed there had, or had not, before such filing, been held more than five days in some office of the Department of Labor to which it had been sent in the course of business in that department. It hardly needs to be said that a taxpayer has no right to determine when the lien should be created and it is difficult to perceive how he could be harmed by any delay in its creation. However the statute should be construed in respect to the time within which a warrant directed to a sheriff must be filed after its receipt by him, we can find no sufficient grounds for construing it to provide that a period of limitation upon filing starts to run while a warrant remains in the Department of Labor.

We notice that the warrant did command the person to whom it was issued and directed to file it within five days after its receipt by him. As above pointed out, this was not a statutory requirement. It was but a directive by the Commissioner to personnel in the department of which he was the head and concerned only the time set for the performance of an act which could be timed

as the Commissioner might decide. It was clearly a directive which could be changed or waived in the administration of the department and non-compliance would violate no statutory provision but raise only a question relating to the internal management of the department.

Order reversed and cause remanded for further proceedings in conformity with this opinion.