ALBANY,
Oct. 1834.

THE PEOPLE, on the relation of Westcott and others, *vs.*
HOLLEY.

The People
v.
Holley.

A *sheriff* does not lose his office, by neglecting to give his official bond *within twenty days after receiving notice of his election*, provided that he execute and file it within fifteen days after the commencement of his term of office.

INFORMATION *in the nature of a quo warranto*. On the *eleventh* day of January, in the term of January, 1832, the attorney-general filed the information in this case, complaining that on the *second* day of the same month of January, the defendant had usurped, without lawful authority, the office of *sheriff* of the county of *Columbia*. The defendant pleaded, that on the *first Monday* of *November*, 1831, he was duly elected to the office; that on the *first* day of *December* thereafter, he received from the clerk of the county a certified copy of the certificate of the proper officers, declaring him to be duly elected; that on the *second* day of *January* following, (the first day of the month being *Sunday*,) he executed his official bond as sheriff, with sureties, who were approved, and the bond duly filed; and that on the same second day of January, he took and subscribed the oath of office required to be taken by sheriffs: whereby he then and there became, and was and still is sheriff, &c.; wherefore he prayed judgment, &c. The attorney-general *replied*, that the certificate of election was delivered to the defendant on the *first day of December*, 1831, whereby he received due notice of his election, and that he did not *at any time within twenty days after he had received such notice, nor at any time previous thereto give and execute such bond* as is required to be given by persons elected to the office of sheriff; but wholly neglected and refused so to do, whereby the office afterwards, to wit, on the 22d December, 1831, became forfeited and vacant, &c.; to which replication the defendant *demurred*.

*K. Miller*, for the defendant.

*Greene C. Bronson*, (attorney-general,) for the people.

*By the Court,* SUTHERLAND, J. The title of the defendant to the office of sheriff of the county of Columbia is impeached, on the ground that he did not enter into the official bond which by law he was bound to give, *within twenty days after he received due notice of his election to the office of sheriff.* The question is, whether he forfeited his title to the office by omitting to give the security required by law, within twenty days after receiving notice of his election. This question arises under a provision of the revised statutes, 1 R. S. 379, § 67, which declares that "Every person hereafter elected to the office of sheriff of any county within this state, shall, *within 20 days after he shall receive notice of his election,* and before he shall enter upon the duties of his office, execute, with sureties who shall be freeholders, a joint and several bond to the people of the state," &c. *Sheriffs* and all other officers elected by the people (unless they are elected to supply vacancies then existing) enter on the duties of their respective offices, on the 1st day of January following the election at which they shall be chosen, and not before. 1 R. S. 116, § 3. They must take and subscribe the oath of office, and deposit it in the county clerk's office, within 15 days after they shall be notified of their election, *or within fifteen days after the commencement of their term of office.* 1 R. S. 119, § 21 ; 27, sub. 6 ; and page 379, § 69 ; and on page 120, § 26, it is provided that whenever any officer is required by law to execute any official bond, he shall cause the same to be filed in the proper office, within the time herein prescribed for filing his oath of office, unless otherwise provided by law. The section which makes it the duty of the sheriff to *execute* a bond with sureties, &c. within twenty days after he shall receive notice of his election, does not prescribe the time within which the. bond shall be *filed.* The time for filing it, therefore, is the same as that for filing the oath of office, unless the filing of the bond is to be considered its delivery, and embraced in and essential to its due execution. Sheriffs hold over, and continue to discharge the duties of their offices until their successors shall be duly qualified. 1 R. S. 117, § 10.

Upon a consideration of all these provisions, I am inclined to think the sheriff does not forfeit his title of the office, by

ALBANY,
Oct. 1834.

The People
v.
Holly.

omitting to execute the bond required to be given by him with sureties, for more than twenty days after he receives notice of his election; that the statute may be considered in that respect directory to the sheriff merely, and not as imposing an absolute limitation upon him. No adequate object on the part of the legislature for so rigid a provision is perceived. The sheriff cannot enter upon his office until the first of January. He cannot take the oath of office until then, and may take it at any time within fifteen days thereafter. Why then should he be compelled, under the penalty of forfeiting his title to the office, to execute his official bond at all events within twenty days after he receives notice of his election. The county clerk is to give such notice without delay, after the determination of the board of county canvassers. 1 R. S. 142, § 23. No precise period is fixed within which it must be given. It is left under this phraseology, to a certain extent, to the discretion of the county clerk. Certificates of the election of all the officers to be elected are to be made out, and certified copies to be delivered to each person declared to be elected. It was probably supposed that this would never or rarely be done, more than twenty days before the 1st of January, when their term of office would commence; and I am inclined to think the cumulative conjunction *and*, in the 67th section, p. 378, was used inadvertently or by mistake for the disjunctive *or*; it would then have been much more in accordance with the other provisions of the statute on this subject. I cannot believe, at all events, that it was intended to be any thing more than a direction to the officer.

Judgment for the defendant.*

* Decided October term, 1832.