## MARCHANT *vs.* LANGWORTHY and others.

The provision in 1 *R. S.* 480, § 74, *sub.* 4, requiring the district clerk to affix a notice of each annual district school meeting is *directory* merely, and the omission to affix such notice does not render the meeting illegal.

An annual district meeting must be held at the time and place fixed by the annual meeting of the next antecedent year.

The want of notice of any school meeting, annual or special, will not render the meeting invalid, unless the omission was wilful and fraudulent.

ON error from the supreme court, to review a judgment of that court affirming a judgment of the common pleas of Monroe county. The facts in the case and the opinion of the court below may be seen in the report in 6 *Hill,* 646. The action was trover, and the defendants justified as school district officers under a warrant for the collection of a school tax. The defendants were chosen at an annual district meeting, held on the first Monday of October, 1842. That meeting was held pursuant to an adjournment voted at the annual district meeting held the preceding year, but no notice was given of the meeting by the district clerk as required by the statute. (1 *R. S.* 480, § 74, *sub.* 4.) The question was whether the meeting was a legal one. The supreme court held that it was, and this writ of error was brought to reverse that determination. The cause was submitted on written arguments, by

*John Jay,* for the plaintiff in error, and

*S. Boughton,* for the defendants in error.

Hodge *v.* Gallup.

No written opinions were given, but upon the question being put, eighteen members of the court voted in favor of affirmance, and two for reversal; whereupon the judgment of the supreme court was affirmed.

Judgment affirmed.