*A. Brower*, for the plaintiff.

---

THE STATE for the use of THE MAYOR AND COUNCIL OF THE TOWN OF PERU *v.* PORTER and Others.

The charter of the town of *Peru* provides that the marshal shall give bond within ten days after his election. *Held*, that his failure to do so would not necessarily vacate his office.

*Monday,
December 10.*

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—Suit commenced *December* 2, 1854, for an alleged breach of the bond of the marshal of the town of *Peru*, which bond reads as follows:

" Know all men by these presents that we, *Henry Porter*, *Joseph Bryant*, *Jonas Hoover*, and *N. O. Ross*, of the county of *Miami* and state of *Indiana*, are held and firmly bound unto the state of *Indiana*, for the use of the mayor and council of the town of *Peru*, in the sum of three thousand dollars, for the payment of which we do hereby bind ourselves and heirs, executors and administrators, jointly and severally, firmly by these presents. Signed with our hands, and sealed with our seals, this 31st day of *March*, 1854.

" The condition of the above obligation is such that whereas the above-bound *Henry Porter* was, on the 13th day of *March*, 1854, duly elected marshal of the corporation of the town of *Peru*, known in law by the corporate name of the mayor and council of the town of *Peru*; now, if the said *Henry Porter* shall well, truly and faithfully discharge his duties as such marshal, in accordance with the provisions of an act entitled an act to incorporate the town of *Peru*, approved *February* 14, 1848, during his continuance in office, this obligation," &c. [Signed,] "*Henry M. Porter, Joseph Bryant, Jonas Hoover, N. O. Ross.*"

The complaint states that said bond was approved by the mayor and council on the 19th of *April*, 1854; that the term for which *Porter* was elected marshal was one year from the 13th day of *March*, 1854; and that during said year he received large sums of money, to-wit, &c., as marshal, which he failed to pay over to the town of *Peru* to which it belonged, although it was duly demanded.

*N. O. Ross* answered, denying that *Porter* received any money as marshal, &c.; averring that he had fully paid over, &c., all he did receive; that his term of office had not expired, and that he had the money on hand ready to pay on demand; that the bond in suit was invalid because never accepted by the mayor and council; that *Porter* was never marshal of *Peru*; and that he was not marshal between the 13th and 31st of *March*, 1854.

The plaintiff replied that said *Porter* had not paid over all moneys, &c.; that the mayor and council did accept his bond, and that a demand had been made, &c.

*Bryant* and *Hoover* made answers substantially like that of *Ross*, which were replied to in like manner.

The issues were submitted to the Court for trial, and a judgment was rendered for the plaintiff against *Porter*, but against the plaintiff in favor of defendants *Hoover* and *Ross*, and the cause was continued as to *Bryant*.

The following is all the testimony given on the trial:

*Robert Taylor* testified that he was recorder of the corporation; that he was appointed by the mayor and council to make settlement with *Porter* as marshal, and ascertain what amount there was in his hands belonging to the corporation and not paid over; that he made such settlement on the 20th day of *October*, 1854, and found in his hands 238 dollars and 14 cents; that *Porter* had been the marshal of said corporation during the year 1853, and was, on the 13th day of *March*, 1854, elected his own successor; that he did not execute a bond to the satisfaction of the mayor and council other than that sued on, which was not approved till the 12th of *April*, 1854; that he had not, prior to the approval of said bond, been appointed marshal by the mayor and council; that he was acting as marshal at the time said bond was approved, and, in the settlement above made, was allowed 194 dollars and 15 cents for services as marshal.

*George A. Crowell*, the treasurer of the corporation, testified that said *Porter* had not paid into the treasury any money for the corporation since the 28th day of *September*, 1854, which was before the settlement with the recorder.

The marshal himself admitted that he had in his hands about 28 dollars more than the amount stated at the settlement, being money he had subsequently collected.

We are unable to perceive any reason why the Court below should have held the principal liable to a judgment and not his securities. We are not advised upon what ground the distinction was made.

*Porter*, the principal, had money in his hands, in *October*, belonging to the town, and the call upon him by the corporation to settle, was, we think, a sufficient demand, if indeed a demand was at all necessary under the charter.

This suit, we have seen, was commenced, in the *December* next following the *October* settlement. By the charter of the corporation the marshal was the tax collector, and section 17 provides that "it shall be the duty of the marshal to receive the amount of taxes due from each individual on or before the first day of *June* in each year, and to account and pay the same over to the treasurer immediately."

The presumption from the evidence is clear, that the money in the hands of the marshal came there subsequently to the execution and approval of his bond, though we do not decide it necessary to a recovery that the fact should be so.

The charter of *Peru* provides that the marshal should give bond in ten days after his election; but his failure to do so did not necessarily vacate his office. See cases in *Gwynne* on Sheriffs, 13.

*Per Curiam.*—The judgment in favor of the two sureties is reversed, with costs. Cause remanded, &c.

*J. A. Beall* and *J. W. Gordon*, for the state.

*N. O. Ross* and *R. P. Effinger*, for the appellees.