## THE MAYOR AND COUNCIL OF THE CITY OF INDIANAPOLIS v. GEISEL.

There is no point of interest decided herein, but the facility with which objects may sometimes be attained by the "law's delay," is well illustrated.

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—On the 29th day of June, 1861, *Henry Geisel, Hiram N. Wright, Christian F. Wischmeyer*, and *James M. Buchanan*, were elected councilmen from the eighth and

ninth wards of the city of *Indianapolis*. On the 2d of July, 1861, the city clerk issued to them certificates of election.

Afterward, on the same day, they appeared in the council chamber, and, before the president of the council, being the mayor of the city, they were duly sworn into office, and their oaths indorsed upon their certificates of election. On the 13th day of July, 1861, being the first meeting of the council subsequent to the election mentioned, the four councilmen named appeared at the meeting, presented their certificates, with the oaths of office indorsed, which had not before been filed with, but then were passed to the city clerk, and they proceeded to take their seats as councilmen; and, thereupon, motions were made by *Sims A. Colley* and *Andrew Wallace,* to lay the certificates of election of said members upon the table, and to exclude the members from the council, to which motion *Austin H. Brown* moved, as an amendment, the following:

"That as too many democrats lived in said wards, (eighth and ninth,) the judiciary committee be directed to report an ordinance, repealing the ordinance creating said wards."

The councilmen who voted to exclude said *Geisel, Wischmeyer, Wright,* and *Buchanan,* from the council, were, *Sims A. Colley, Samuel Seibert, Andrew Wallace, Theodore P. Haughy, John Blake, Alexander Metzger, Stoughton A. Fletcher,* and *George W. Geisendorf.*

Those who voted against excluding them, were, *Austin H. Brown, Stephen McNabb, Jacob Vandegrift, Grust H. Kuhlman,* and *Charles Richman;* not voting, *W. Clinton Thompson.*

No previous action had been taken to declare a vacancy, or to provide for the election of others, as councilmen, in the places of those excluded; nor was any objection made to the character of those excluded.

The excluded members forthwith applied to the *Marion* Circuit Court for a mandate to the City Council, command-

ing them to admit the excluded members to their seats. The Court issued the mandate, but the council refused to obey it, and appealed to the Supreme Court.

The cause was submitted to this Court, on Wednesday, the 26th of November, 1862, and set down for argument, on this, the 5th day of December, 1862, nearly a year and a half after the election.

As there is not, and never has been, any open question of law in the case; and as other reasons, which the council may have thought justified them in disfranchising two wards of the city, for so long a time, do not appear in the record, we do not feel that we should be excusable for prolonging the disfranchisement; especially, as it appears by the record, that, perhaps, less than a quorum may have been attempting to enact ordinances affecting the rights and interests of the people of the city. No less than ten councilmen constitutes a quorum of the representatives of nine wards.

See the cases, *The State* v. *Findley*, 10 Ohio Rep. 51. *The State* v. *Porter*, 7 Ind. 204. *Smith* v. *Cronkhite*, 8 *Id.* 134.

The judgment below is affirmed, with costs.

*Barbour* and *Howland*, for the appellants.

*N. B. Taylor* and *B. K. Elliott*, for the appellee.

