STATE OF MISSOURI *ex rel.* THE ATTORNEY-GENERAL, Plaintiff, *v.* CADWALADER B. CHURCHILL, Defendant.

*Elections— Officer—Bond.*—The provisions of the statute, G. S. 1865, ch. 88, § 5, requiring the county treasurer to give bond within ten days after his appointment or election, are merely directory. Time is not essential to the delivery of the bond; and if the County Court accept and approve the bond, it cannot at a subsequent date set aside its proceedings, annul the commission, and declare the office vacant.

*Information in the nature of Quo Warranto.*

Attorney-General, for plaintiff.

There is but one question involved in this case, which is : Has a person elected to the office of treasurer of a county to give bond as such within ten days after the election, or within ten days after it has been ascertained that he has been elected by a count of the votes and certificate of the proper officer ?

It is maintained on the part of the State that the bond should be given within ten days after a count of the vote, if it is thereby ascertained that the party has been elected as evidenced by the proper certificate—G. S. ch. 38, p. 226, & ch. 2, p. 63.

*Glover & Shepley*, and *H. C. Young*, for defendant.

I. It is insisted that, on the showing of the relator, no case is made out. The right to this writ lies in the discretion of the court—Eustace v. Tuthill, 2 J. R. 184; The People v. Loomis, 8 Wend. 398; The People v. Phelps, 1 Denio, 388.

II. There is no case made out by the plaintiff. The fact appears in the record that an election was held November 6, 1866, when Norman was elected county treasurer, and that he gave no bond till the 20th of the same month, fourteen days after his election; the said Norman, consequently, had no right to the office—R. C. 1865, p. 226, § 5. The court must therefore adjudge that the defendant is lawfully in office under appointment from the County Court—R. C. 1865, p. 226, § 4.

HOLMES, Judge, delivered the opinion of the court.

This is an *ex officio* information in the nature of *quo warranto*. The defendant, having been duly summoned, makes default, and the cause is submitted as upon a petition confessed.

It is stated that Jasper N. Norman was duly elected treasurer of the County of Laclede at the election in November,

1866, received his certificate of election, gave his bond, which was approved by the County Court and ordered to be filed, and took the oaths required by law, which were enclosed in his certificate or commission; but that a few days afterwards, on motion of the county attorney, the County Court made an order rescinding the approval of the bond, and declaring it annulled, for the reason that it had not been offered and filed within ten days after the election, as required by the statute —G. S. 1865, ch. 38, § 5. The court also declared the office vacant and proceeded to appoint the defendant county treasurer, who gave the required bond, was duly qualified, and entered upon the duties of the office.

We think the court erred in this proceeding. The bond was not void, nor voidable, merely because not presented and filed within the ten days. This provision of the statute is directory only. The matter of time was not essential to the validity of the bond, nor a condition precedent to the party's title to the office. The time not being of the essence of the thing required to be done here, it was not material—Rex v. Lexdule, 1 Burr. 497; Sedgw. Stat. & Const. Law, 368–74. When a sheriff was required to give bond within twenty days after his election, it has been held that the statute as to the time of giving the bond was directory merely, and that the failure to give the bond within that time did not forfeit his title to the office—People v. Holly, 12 Wend. 481. We are of the opinion that the orders of the court vacating the bond, declaring the office vacant, and appointing the defendant treasurer, should be regarded as having been done without authority of law and as mere nullities. The treasurer elect, having complied with all the provisions of the statute and received his commission, was entitled to hold the office.

The defendant not appearing to have been guilty of any intentional wrong, no fine will be imposed. Judgment of ouster and costs will be entered.

The other judges concur.