### STATE ex rel. JOHN R. BLENKENSHIP, Relator, v. COUNTY COURT OF TEXAS COUNTY, Respondent.

1. *Mandamus — County treasurer, bond of; rejection of, creates no vacancy. —* Where A. was duly elected to the office of county treasurer, although he may have filed an insufficient bond, the action of the County Court in proceeding to reject the bond and declare the office vacant on the day when the bond was rejected, and appointing another person to fill the office, was totally unwarranted. If the time originally prescribed by law for filing the bond had expired when the proceedings were had, that created no forfeiture. The statute as to time was directory. The action of the court was a nullity, and did not deprive the relator of his right to present his new bond; and if it were considered sufficient by the court, he was still entitled to the office.

*Petition for mandamus.*

This was a petition by relator setting forth his election to the office of county treasurer of Texas county, and praying for a writ of *mandamus* requiring the County Court of Texas county to accept and approve his bond as county treasurer, and to annul

an order passed by the court which declared the office of county treasurer vacant, and appointed one Ira Martin to fill the same.

For statement of the case, see, also, opinion of the court.

*H. B. Johnson*, Attorney-General, for relator.

The time prescribed by statute is merely directory. (State *ex rel.* Attorney-General v. Churchill, 41 Mo. 41; State *ex rel.* Jackson v. Howard County Court, *id.* 247; State *ex rel.* Adamson v. Lafayette County Court, *id.* 54.)

*F. M. Geiger*, and *S. G. Williams*, for respondent

WAGNER, Judge, delivered the opinion of the court.

The case is submitted on a demurrer to the return made on the alternative writ. The material averments in the petition are not denied by respondents. It seems that the action of the court in rejecting the bond was arbitrary and oppressive. No evidence was permitted to be introduced to show the solvency of the sureties; but the court, acting of their own motion, summarily rejected the same, and declared the office vacant on the same day, without giving any time to file a new bond. When relator did present an additional bond, the court refused to entertain it for the reason that an appointment had been made, and it was too late. Admitting that the first bond was insufficient, the action of the court in proceeding to declare the office vacant on the day of its rejection, and appointing another person to fill the office, was totally unwarranted. If the time originally prescribed by law for filing the bond had expired when these proceedings were had, that created no forfeiture. The statute as to time is directory. (State v. Churchill, 41 Mo. 41.) The acts of the court in declaring the office vacant on the day it arbitrarily rejected the bond, and its filling the office at the same time by a new appointment, were nullities, and did not deprive the relator of his right to present a new bond and have its sufficiency considered; and if it proved to be good, he was still entitled to the office. The court should proceed to act and pass judgment on the second bond offered.

A peremptory writ will be ordered. The other judges concur.