STEVENSON, appellant, v. MAYOR, ETC., OF NEW YORK.

*New York city — extending streets — assessment for improvements — Laws 1867, chap. 403 — time for commencing proceedings — validity of proceedings.*

An avenue in the city of New York was, by Laws 1867, chapter 403, laid out and extended, and the counsel to the corporation was required, within three months, to take the necessary legal means to open the extension as a street. No proceedings were instituted until after three months had elapsed. *Held,* that as the statute did not provide that the taking of the proceedings within the period mentioned should constitute a condition on which the existence of the extension as a street should depend ; nor that proceedings should not be taken at all, unless within the time prescribed; the court had no right to add such a restriction to the statute. And that, if proceedings were in all other respects properly taken, taking them within the time mentioned was not essential to their validity.

In order that property should be benefited by the extension of a street, it is not necessary that it should be within the actual limits of the improvement made. Such an extension will, ordinarily, benefit property situated upon other portions of the street than those included within the limits of the improvement; and so far as such benefit extends, an assessment for the expenses of the improvement can be equitably and justly levied.

Where an improvement of a New York city street was provided for by statute, and the proceedings taken conformed to the statute, though not instituted within the time specified therein; *held*, that they were valid and effectual without any resolution of the common council; and that an omission to publish a resolution, as the law required in other cases, in no way impaired the authority given by the statute for the improvement.

APPEAL from an order of the special term sustaining a demurrer to the complaint.

The plaintiff, Vernon K. Stevenson, was the owner of certain lots fronting on Madison avenue, between Fifty-eighth and Fifty-ninth streets, in the city of New York, which were assessed for the opening of Madison avenue, from Eighty-sixth to One Hundred and Twentieth streets. The opening was done according to chapter 403, Laws of 1867, entitled " An act to alter the map or plan of the city of New York, by extending Madison avenue." The material features of the statute are presented in the opinion. Plaintiff claimed that the assessment was void, and asked to have the collection thereof perpetually enjoined, for the reasons, 1st. That plaintiff's property is not within the limits prescribed by sections 177 and 178 of the act of April 9, 1813, to wit: within one-half the distance to the next street or avenue on either side of the portion of the avenue so opened; 2d. That the resolution of the common council directing the proceedings to open the avenue, was not published in all the corporation newspapers prior to adoption ; 3d. That proceedings were not taken to open the avenue within three months after the passage of the act of 1867. The defendant demurred to the complaint, upon the ground that no cause of action was alleged therein. The demurrer was sustained and the complaint dismissed; and from the order of the special term to that effect, plaintiff makes this appeal.

*Oliver W. West*, for appellant. Section 2 of chapter 403, Laws 1867, is mandatory, and the failure of the counsel of the corporation to apply within three months, forfeited all power under it, and thereafter the avenue could only be opened by the mayor and com-

mon council. *Adriance* v. *McCafferty*, 2 Robert. 153 ; Potter's Dwarris on Stats. 224 ; *People* v. *Schermerhorn*, 19 Barb. 559 ; *State ex rel. Cothren* v. *Lean*, 9 Wis. 292 ; *Webster* v. *Frenck*, 12 Ill. 302. The failure to publish the resolution is fatal. Chap. 446, Laws 1857, § 7 ; *In re Petition of Douglass*, 46 N. Y. 42 ; *In the Matter of Smith*, 52 id. 526.

*E. Delafield Smith*, and *D. J. Dean*, for respondent. Property fronting on the street opened is not within the exceptions of section 178 of the act of 1813 (Valentine's Laws, 1196), as amended by chap. 81, Laws of 1816 (Valentine's Laws, 1213). The limit is to the extension of the assessment laterally from the street opened. The resolutions of the common council were superfluous and unnecessary. The provision as to time of application in the act of 1867 is directory. *People* v. *Allen*, 6 Wend. 486 ; *Gale* v. *Mead*, 2 Denio, 160 ; *Matter of Empire City Bank*, 18 N. Y. 199 ; *Jackson* v. *Young*, 5 Cow. 269.

DANIELS, J. By chapter 403 of the Laws of 1867, Madison avenue was laid out and extended from Eighty-sixth street to One Hundred and Twentieth street. The first section of the act defined its precise location, width and extent, consequently nothing was further left to be done but to open and improve it within such bounds, in order to render it serviceable to the public, and to attain that end the counsel to the corporation was required, within three months from the passage of the act, to take the necessary legal means to open the extension as a street (§ 2). No further or other proceedings whatsoever were prescribed for that purpose, and as those means were defined by preceding laws, no uncertainty existed as to what was required to complete the extension as a street. They required commissioners of estimate and assessment to be appointed, the statutory duties imposed upon them to be performed, the subsequent confirmation of their proceedings and the grading and paving of the extension by the respondent. This was the clear scope and design of all the act could possibly contemplate.

But the proceedings required to be taken for that purpose by the corporation counsel were not instituted until after the three months mentioned in the second section of the act had expired, and for that reason it is insisted, on behalf of the plaintiff, that his power to proceed at all was extinguished. This was a proceeding required

for the benefit of the public. Its object, as well as that of the statute, was to secure the opening of the extension as a street for the use and convenience of the public; to create what seems to have been regarded by the legislature, and undoubtedly was a public improvement. That, and nothing but that, was to be obtained under the provisions of the law, and it could not have been intended that the public should be deprived of the benefit of the improvement if the officer, whose duty it was to proceed, neglected to do so within the three months mentioned, as long as no such result was declared to be the consequence of his omission. The act provided for the extension and opening of the street; that was its leading and paramount object; and to secure that required the corporation counsel to take the requisite proceedings to ascertain and assess the expenses within three months afterward; but it did not provide that the taking of the proceedings within the period mentioned should constitute a condition on which the existence of the extension as a street should depend, nor that the proceedings should not be taken at all unless they were taken within the time prescribed; and as long as the legislature imposed no such restriction, it is clear that the courts have no right to add it to the statute.

In that state of the law the time mentioned is not essential to the validity of the proceedings, if they are in all other respects afterward properly taken. It is the duty of the 'public officer, who is required to proceed within a specified period, to do so, and a willful neglect to do so would probably be a misdemeanor on his part under the statutes of this State, but his neglect should not be allowed under such a statute as this to deprive the public of the benefit of a valuable improvement in an important street of the city. The settled rule of construction requires no such consequence to be attached to the violation of a legal duty of this description. On the contrary, the time mentioned in the manner this was, is considered to have been intended by the legislature as directory merely, and that the enterprise itself should not fail, by reason of neglect, to comply with the requirement made in that respect. The essential objects and purposes of the law are not allowed to be defeated by a circumstance of that description. *Thomas* v. *Clapp*, 20 Barb. 165, 167; *Pond* v. *Negus*, 3 Mass. 230; *Cole* v. *Green*, 6 Man. & G. 872, 890; *Merchant* v. *Langworthy*, 6 Hill, 646; S. C., 3 Denio, 526; *Gale* v. *Mead*, 2 id. 160; *People* v. *Holley*, 12 Wend. 481; *People* v. *Peck*, 11 id. 604; *Jackson* v. *Young*, 5 Cow. 269; *People* v. *Allen*, 6

Wend. 486. The cases of *People* v. *Schermerhorn,* 19 Barb. 559, and *Adriance* v. *McCafferty,* 2 Robert. 153, are in no way in conflict with this principle; they were decided under different circumstances requiring a different principle for their disposition. They depended upon the fact of notice, not the time within which it should be given, and the notices required were also conditional in their nature.

The plaintiff's property, assessed as benefited by the extension, fronted upon Madison avenue, between Fifty-eighth and Fifty-ninth streets. It was, therefore, not within the actual limits of the improvement made by the extension of the street. But that was not necessary in order that it should be benefited by the extension of the street. Such an extension would ordinarily benefit and enhance the value of property situated upon other portions of the street than those included within the limits of the improvement; and so far as such benefit extended, an assessment for the expenses of the improvement could be equitably and justly extended. Whether it should be assessed or not was a matter confided by the express terms of a preceding statute to the judgment and discretion of the commissioners. Laws of 1816, chap. 81, § 1. The only restriction imposed upon them in that respect was that which prohibited them from extending their assessments, for benefits derived from the improvement, beyond half the width of the block toward the next street or avenue, from the street opened, straightened, or improved. Assessments for benefits derived by property situated upon the same street, can very properly be extended as far from the locality in which the improvement may be made as its benefits may be actually enjoyed. How far that may be must necessarily be confided to the judgment of the commissioners, so long as all reasonable bounds are not exceeded by them; and no reason exists for supposing that to have been done in the assessments made upon the plaintiff's property.

As the improvement was fully provided for by the act of 1869, and the proceedings taken conformed to it, though not instituted within the time when it was rendered the duty of the corporation counsel to commence them, they were valid and effectual without any resolution of the common council, and the omission to publish it as the law requires in other cases, in no way impaired the authority which the statute provided for extending the street, and there being no want of authority in the commissioners to assess the

plaintiff's property fronting upon the same street for the benefit received by it from the improvement, no facts are shown by the complaint which will enable the plaintiff to maintain the present action. The order sustaining the demurrer was right, and it should be affirmed, with costs.

DAVIS, P. J., and DONOHUE, J., concurred.

*Order affirmed.*