[Filed April 11, 1887.]

STATE OF OREGON, on INFORMATION OF T. B. KENT, DISTRICT ATTORNEY, FIRST JUDICIAL DISTRICT, APPELLANT, *v.* WILLIAM M. COLVIG, RESPONDENT.

ATTORNEYS.—The term of office of a district attorney begins on the first Monday of July following his election.
SAME.—Statutes prescribing a time within which an officer must qualify are directory in their nature.
SAME.—The person elected must qualify before taking the office.

APPEAL from Jackson County.    Affirmed.

*T. B. Kent, H. K. Hanna,* and *S. B. Galey,* for Appellant.

The burden is upon the plaintiff to show his right to the office. (High on Extraordinary Remedies, § 713; *People* v. *Clayton,* 11 Pac. Rep. 206.)

The terms of the statute all imply that it is the duty of the person elected to enter upon his office at the commencement of the term. In the construction of the statute the intention of the legislature is to be pursued if possible. (Code, § 685, p. 248;

Sedgwick's State and Const. Con. 233; 8 Md. 244, 246; 2 Mich. 138.)

A statute should be brought within the fundamental law, if possible, by construction. (13 Barb. 409; Sedgwick's State and Const. Con. 233, 312; Cooley's Constitutional Limitations, 72, n.)

If the event which may produce a vacancy occur before or at the commencement of the term, the former as incumbent holds the office until his successor is elected and qualified. (*People* v. *Tilton,* 37 Cal. 614; *State* v. *Horr,* 25 Ohio, 588; *Common* v. *Handley,* 9 Pa. 513.)

As to the meaning of the word "vacant." (*People* v. *Taylor,* 57 Cal. 621.)

*P. P. Prim, J. R. Neil,* and *W. R. Andrews,* for Respondent.

The notice of appeal does not specify any grounds of error with reasonable certainty, and the judgment must be affirmed. (Code, 218, § 527; *State* v. *McKinnon,* 8 Or. 490; *Dolph* ·v. *Nickum,* 2 Or. 202.)

There is nothing presented by appellant upon which an assignment of error can be predicted. (Code, 121, §§ 67, 76, 119; *Bowels* v. *Doble,* 11 Or. 479, 480.)

The complaint should show some facts constituting the forfeiture of his office. (*State ex rel. Church* v. *Dustin,* 5 Or 377; *The Burdette,* 9 Peters, 690; Bliss on Code Pleading, §§ 210, 212.)

There is no time fixed by our statute within which a person must qualify, except "before entering upon the duties of his office."

There is a clear distinction between an *office* and the *term* of an *office* and the officer. (*United States* v. *Hartwell,* 6 Wall. 393; *State* v. *Johns,* 13 Or. 380; *State* v. *Wave,* 10 Pa. 888, 889.)

The *term* of the office commences on the first Monday of July, but the time within which he must qualify is not "the first Monday," but "before entering upon such office." A statute fixing the time within which a person must qualify for an office is merely directory. (*State* v. *Churchill,* 41 Mo. 21; *Chicago* v.

*Gage,* 35 Am. Rep. 191; *Speak* v. *United States,* 9 Cranch, 31, 32; *State* v. *Eley,* 43 Ala. 568; *State* v. *Cooper,* 52 Miss. 615; 5 Wait's Actions and Defenses, 5, § 8; Sedgwick's State and Constitutional Law, 368; *Hill* v. *Baylord,* 40 Miss. 618; *McPherson* v. *Leanard,* 29 Md. 337; Cooley's Constitutional Limitations, 75, 78; *Pond* v. *Negus,* 3 Mass. 230; *Williams* v. *School District,* 21 Pick. 75.)

STRAHAN, J.—This is a proceeding instituted under subdivision 1 of section 354 of the Code of Civil Procedure, and is upon the information of T. B. Kent, district attorney of the First Judicial District. The amended complaint alleges in substance the following facts: That at the general election in the State of Oregon, held June 7, 1886, the defendant William M. Colvig was a candidate for election to the office of district attorney for the First Judicial District in said State; that on the second day of July, 1886, a certificate was granted by the governor of said State showing the election of said defendant to said office, and that the governor on said day, by his proclamation, announced that said defendant had been elected to said office at such election; that the defendant thereafter wholly neglected and refused to qualify for said office at the time and in the manner provided by law, but has made default therein; that by reason of the neglect and refusal of the defendant to qualify as by law required, he has lost his right thereto, and is not entitled to hold the same; that thereafter, to wit, on the ———— day of July, 1886, the said defendant unlawfully usurped and intruded himself into said office of district attorney for said district, by appointing W. R. Andrews as his deputy district attorney in an action then pending in the Justice's Court for the precinct of Medford, Jackson County, Oregon, wherein the State of Oregon was plaintiff and William Robinson was defendant, and the said William M. Colvig has ever since said last-mentioned date claimed a right to hold said office.

And T. B. Kent, district attorney as aforesaid, alleges that he, T. B. Kent, is rightfully entitled to have and hold said office of district attorney for said First Judicial District. In

support thereof he alleges the following facts: That at a general election in the State of Oregon, held in June, 1884, he was duly elected district attorney for the First Judicial District in said State; that thereafter, and within the time required by law, he duly qualified and entered upon the duties of said office, and has ever since performed the duties pertaining thereto; that by virtue of the Constitution and laws of this State he is entitled to hold said office until his successor is duly elected and qualified.

The defendant by his answer denied each material allegation of the complaint, and by way of further and separate defense alleged the following facts: —

That at a general election held in the State of Oregon on the seventh day of June, 1886, the defendant was elected to said office of district attorney for the term commencing on the first Monday in July next following said election; that on the second day of July, 1886, the governor of the State of Oregon duly granted the defendant a certificate of his election to said office, and delivered the same to the secretary of State, to be forwarded to the defendant; that on the ninth day of July, 1886, at Jackson County, Oregon, the defendant indorsed his oath of office on said certificate of election to the effect that he would support the Constitution of the United States and of the State of Oregon, and that he would faithfully and honestly demean himself in office, which said oath of office was then and there duly taken and subscribed by the defendant; and that on the tenth day of July, 1886, and within a reasonable time after the granting of said certificate, the defendant duly filed the same with his said oath of office indorsed thereon with the secretary of State, who accepted the same, and thereupon the defendant entered upon the duties of said office, and has ever since held said office and discharged the duties thereof; that the acts of usurpation set out in the complaint were performed by the defendant in the regular discharge of the duties of said office after he had qualified therefor, and not otherwise.

There was no reply filed to the answer, but the plaintiff, without introducing any evidence upon any of the issues, moved for judgment upon the pleadings, which motion was duly argued,

and after consideration by the court, judgment was rendered in favor of the defendant, from which this appeal is taken.

By virtue of article xv. of section 1 of the Constitution of this State, all officers except members of the legislative assembly shall hold their offices until their successors are elected and qualified.

By section 2, chapter 41, page 691, General Laws, it is provided: "The term of office-of a district attorney shall commence on the first Monday of July next following the election of such attorney, and before entering upon such office the person elected thereto must qualify therefor by filing with the secretary of State his certificate of election, with an oath of office indorsed thereon, and subscribed by him to the effect that he will support the Constitution of the United States, and of this State, and faithfully and honestly demean himself in office."

And it is provided by section 48, chapter 14, page 576, General Laws: "Every office shall become vacant on the occurring of either of the following events, before the expiration of the term of such office":—

.     .     .     .     .     .

."6. His refusal or neglect to take his oath of office, or to give or renew his official bond, or to deposit such oath or bond within the time prescribed by law."

There is no statute in this State prescribing the time within which the official oath of a district attorney must be taken and filed. It is true the term of office begins on the first Monday of July next following the election; but the newly elected officer is not bound to qualify on or before that day, or upon failure to do so incur a forfeiture of his office. "Before entering upon such office the person elected thereto must qualify therefor," etc., is the language of the statute, and it raises a very strong implication that some time may be allowed to elapse after the term begins before the newly elected officer need qualify. The only result that could follow a delay in qualifying is that he could not enter upon the duties of said office without first having qualified by taking the official oath and otherwise complying with section 41, *supra.* But in addition to this,

statutes fixing a time within which an officer is required to qualify, by taking an oath and giving a bond, are generally directory, and a failure to comply within the time fixed does not work a forfeiture. (*State ex rel. Blankenship* v. *County Court of Texas County*, 44 Mo. 230; *State ex rel. Att'y-Gen.* v. *Churchill*, 41 Mo. 42; *City of Chicago* v. *Gage*, 95 Ill. 593; *Speake* v. *United States*, 9 Cranch, 28; *State of Maryland* v. *Co. Commrs. of Baltimore County*, 29 Md. 516; *Williams* v. *Inhabitants of School District No. 1*, 21 Pick. 75; *City of Lowell* v. *Hadley*, 8 Met. 180; *Ex parte Heath and Roome*, 3 Hill, 42; *People ex rel. of Westacott* v. *Halley*, 12 Wend. 481.)

It is unnecessary to notice the other questions discussed, as these views require an affirmance of the judgment, and it is so ordered.