Matter of the Application of JAMES L. CARPENTER to Alter a Highway in the Town of Marlborough in the County of Ulster.

(Ulster County Court — March, 1895.)

An award of commissioners appointed to determine the necessity of a proposed alteration of a highway, and the damages resulting therefrom, cannot be set aside on the ground that the damages awarded are too great where there has been no irregularity in their proceedings.

MOTION to vacate the award of commissioners appointed to determine the necessity of a proposed alteration of a highway in the town of Marlborough, and to ascertain and assess the damages resulting therefrom.

*Eckert & Westbrook*, for motion.

*John Rusk*, for commissioner of highways.

*Eldorus Dayton*, for owner of the land affected.

CLEARWATER, J. At the October, 1894, term, upon due notice to all persons interested, an order was made appointing three commissioners to determine whether a proposed alteration of one of the leading highways in the town of Marlborough was necessary, and, if found so to be, then to ascertain and assess the damages resulting therefrom. It is admitted that

the notices required by the statute were duly posted in three public places in the town, and were served upon all the persons designated by the statute. These notices, among other things, recited the appointment of the commissioners, the purpose for which they had been appointed, and stated that they would meet at a specified public place in that town, on a day named, to view the line of the proposed alteration, hear objections and take testimony. In addition to being duly posted and served upon the town officials, and the persons affected by the proposed alteration, notice of the proceedings of the commissioners was duly published in a public newspaper, printed in the town, having a local circulation of about 600 copies. The commissioners duly met at the designated time and place, and, having properly qualified, adjourned to a subsequent date, of which notice was duly posted and served and published in the same newspaper. At the adjourned day the commissioners again met, at the time and place to which they had adjourned, viewed the premises involved in the proposed alteration, and proceeded to the investigation and determination of the matters intrusted to them. In all these proceedings the town of Marlborough was represented by its commissioner of highways, a man of more than ordinary intelligence and ability, and by counsel. It was admitted by every one that the proposed alteration was necessary, and that it was important to the interests of the town and the traveling public that it should be made; also, it was agreed that, to make the alteration effective, it would be necessary to widen the highway at a point which would necessitate the taking of a strip of land about 270 feet in length on Main street and 23 feet in width on Western avenue in the village of Marlborough. Upon the corner thus involved is a three-story dwelling house, with an addition, used as a restaurant, belonging to John Badner. The highway at that point is the principal street of the village, and the main thoroughfare used by the public of the vicinity and of the interior in going to and from the station of the West Shore railroad and the steamboat landing on the Hudson river. The commissioners, after personally viewing

the premises, and hearing all the testimony offered, decided
that the alteration was necessary, and assessed the damages
resulting therefrom at $4,500.   This report was duly filed,
and notice of the filing and a motion for its confirmation regu-
larly given.   No objections having been filed, and none being
made, the report was duly confirmed on the 13th day of
November, 1894.   So far as is disclosed by the proceedings,
none of the persons who unite in this motion either appeared
before the commissioners or gave any attention to their action.
Some time after the order of confirmation had been entered,
notice was given that they would apply at the January, 1895,
term for an order vacating or modifying the award.   No
ground for so doing is specified in the motion papers, and the
only one urged on the argument was that the amount of dam-
ages awarded is too great.   It is not claimed that there was
any irregularity in the appointment or the proceedings of the
commission.   It is not disputed but that the proposed altera-
tion is both necessary and important, and that damages to
some amount will result as a consequence of its being made;
nor is it urged that any rule of law has been violated.   In fact,
so far as the record or moving papers disclose, the entire pro-
ceeding has been conducted in strict accordance with the stat-
ute governing proceedings of this character, and I am, there-
fore, at a loss to conjecture upon what legal ground it is sup-
posed the court has the right to interfere with the award.   It
has neither the right nor the power, if it had the inclination,
to substitute its own judgment for that of the commissioners.
They are by law selected with special reference to their fitness
for the position and the duties they are expected to discharge,
and such experience as they have may be brought to their aid
in the performance of their office.   They are to be guided by
their own judgment, as they view the premises and can better
estimate the amount of damage sustained than can a court sit-
ting in review of their action.   For the court to arbitrarily set
aside their award, unless some error of law is plainly manifest,
would be to usurp the functions which the statute confers
upon them, rather than a judicial exercise of its own discre-

tionary power. This is, and long has been, the well-settled rule governing cases of this class. *In re Public Parks*, 53 Hun, 280; 6 N. Y. Supp. 750; *In re Staten Island Rapid Transit Co.*, 47 Hun, 396; *In re Central Park*, 51 Barb. 277; *In re Main Street*, 25 N. Y. Supp. 267; *In re William & Anthony Streets*, 19 Wend. 678; *In re Pearl Street*, Id. 651; *In re John & Cherry Streets*, Id. 659; *In re Harman Street*, 16 Johns. 231; *In re Furman Street*, 17 Wend. 649. An examination of the affidavits used on this motion demonstrates the wisdom of the rule as it has prevailed for many years. Of the twenty-two persons whose affidavits are presented to the court, seven disinterested citizens, entirely familiar with the premises, swear that the amount awarded by the commissioners is just, fair and none too high. Four estimate the damages at $3,000, two at $2,500, one at $2,000, one at $1,500, one at $1,000. Four think the amount awarded is too large, but do not say what sum they think would be proper, while two gentlemen swear that the property of Badner will be quite as valuable, if not of greater value, after this strip of land, 270 feet by 23 feet, involving his dwelling and restaurant, has been taken for the purpose of the alteration. It will thus at once be seen that if the court had the power, and were disposed, to vacate the award, and to send the matter back to the same or a new commission, precisely the same difficulty would be encountered. There would still be a great divergence of view as to the sum which should be given, and the commissioners would be confronted with a situation none the less, and doubtless far more, perplexing than the one originally presented. The commissioners are all men of the highest personal character, of broad experience and of sound judgment. The regularity of their proceedings is not questioned, and I can discover no sufficient legal reason for interfering with their award, and the motion to vacate it is, therefore, denied, with costs.

Motion denied, with costs.