(24 Misc. Rep. 616.)

### CITY OF KINGSTON v. TERRY et al.

(Supreme Court, Special Term, Ulster County. June, 1898.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—PROCEDURE—CONSTRUCTION OF STATUTE.

A failure by the commissioners to complete proceedings for the extension of a street within 60 days, as provided by Laws 1896, c. 747 (Kingston City Charter) § 145, does not invalidate the proceedings, inasmuch as where a law does not expressly make proceedings void if not performed within a prescribed time, and giving the law such a construction will deprive the public of valuable improvements, such limitation will be considered merely directory.

2. SAME—DELAY—WAIVER OF OBJECTIONS.

Where claimants for damages, by reason of a street extension, proceeded with their proofs before the commissioners in the proceedings prescribed by Laws 1896, c. 747 (Kingston City Charter) § 145, for the assessment of damages, after the expiration of four months from the order appointing the commissioners, and failed to object to the delay for a year thereafter, and they were not prejudiced by the delay, the failure to complete the proceedings within 60 days from the appointment of the commissioners, as required by said section, is no reason for refusing to confirm the commissioners' report.

3. SAME—COMMISSIONERS' AWARD—REVIEW.

The award of commissioners under Laws 1896, c. 747 (Kingston City Charter) §§ 144, 145, providing for the taking of land for municipal purposes, and the assessment of damages and benefits, will not be disturbed by the court unless some error of law is manifest, or it is apparent that the commissioners adopted erroneous principles in reaching their conclusion.

Application by the city of Kingston to confirm the report of commissioners appointed to ascertain the compensation to be made to owners of property taken for municipal purposes, against which Matilda O. Terry and others filed objections.    Granted.

John W. Searing, Corp. Counsel, for plaintiff.

Howard Chipp, Amos Van Etten, Frederick Stephan, Jr., and John G. Van Etten, for defendants.

CLEARWATER, J.    At the Ulster special term of the 1st day of August, 1896, commissioners were appointed to ascertain the compensation to be made for property to be taken for the public use in opening and extending Orchard street.    The commissioners took the constitutional oath of office, gave the notice required by the city charter, and began their hearings on the 31st day of August following. The testimony was closed on the 17th day of December of that year, and briefs submitted the 26th of that month.    The commissioners made their report on the 4th day of February, 1897, by which they awarded Mary I. McEntee $750, Matilda O. Terry $725, John McEntee $550, and to the other property owners smaller amounts.    They delivered their report to the common council of the city, and no further action was taken regarding it until the 11th day of May, 1898, when the corporation counsel served a copy and a notice of motion for its confirmation for the Ulster special term of the 21st ultimo. Upon the motion coming on to be heard, exceptions and objections were filed, the principal being (1) that the award was not signed and returned to the common council within 60 days after the appointment of the commissioners, the charter requiring that all proceedings, including the final assessment of damages, be had within that time; (2) that the commissioners erroneously admitted irrelevant and incompetent evidence, over objections duly made, and erroneously excluded competent testimony duly offered; (3) that the award is inadequate.

The charter of the city provides that whenever the common council shall determine to lay out, alter, widen, straighten, extend, or open any street, and to take and appropriate land for the same, they shall give notice by publication in the official newspapers of the city, which

shall specify in general terms the improvements to be made, and that the owners of the property to be taken may file their claims for damages; that, if claims be filed, the common council shall proceed to acquire the lands pursuant to the provisions of the condemnation law; that when the commissioners shall have ascertained the damages which the owners of the property filing claims sustain, after making due allowance for any benefit to be derived therefrom; and their report thereon to the court shall have been confirmed, they shall proceed to determine the district immediately benefited by the improvement, and apportion the damages determined by them, and the costs and expenses of the proceeding as fixed by the court in the order confirming their report against the property benefited, and that the entire proceeding shall be completed, and the certificate of assessment filed with the city clerk, within 60 days after the appointment of the commissioners. Laws 1896, c. 747, §§ 144, 145.

While the charter makes it the duty of the city to complete the proceedings within 60 days, its neglect should not be allowed to deprive the public of the benefit of a valuable improvement, unless there be some provision that the proceeding shall be void in case of failure to comply with its direction as to time. The settled rule of construction requires no such serious consequence to be attached to the failure of a legal duty of this description, unless the statute expressly prescribes a penalty or imposes a forfeiture for noncompliance with its provisions. The paramount object of the proceeding was the extension of the highway system of the city, and it can hardly have been intended by the legislature that the public should suffer if the officers whose duty it was to proceed neglected to do so within the time mentioned, inasmuch as no such result was declared to be the consequence of their omission; and, as the legislature imposed no such restriction in granting the charter, it is doubtful if the courts have the right to add it. The existence or absence of such provisions, it has long been held, are some of the indicia by which the courts have established wise rules for determining the intention of the legislature in the enactment of laws, and statutes are held to be directory or declaratory according to the presence or the want of certain indications of legislative intent. These rules have been so long in practice that legislative bodies must be presumed to have enacted statutes and granted charters with reference to them, as it is in their power to use language so explicit that statutes must be considered mandatory, thereby excluding the power of the court to construe them as declaratory. This rule does not subvert, but carries into effect, the intention of the lawgiver as it is to be gathered from the phraseology of the statute. A strict and literal adherence to the letter and form of an act in minor or nonessential particulars will often defeat a remedy or destroy a right which it was the principal intention of the legislature to create or provide. Where, therefore, the statute directs, as does the charter of Kingston, an act to be done within a certain time, and a strict compliance as to time does not appear to be essential, the proceeding may, where the thing has been done, still be held valid, though the time has been exceeded, for under such circumstances the statute may be said to be directory, and not mandatory.

People v. Supervisors, 34 N. Y. 268; Stevenson v. Mayor, etc., 3 Thomp. & C. 133; People v. Cook, 4 Seld. 68; Merchant v. Langworthy, 6 Hill, 646; Thomas v. Clapp, 20 Barb. 165; Pond v. Negus, 3 Mass. 230.

Had these claimants, after the expiration of the 60-day limit prescribed by the charter, declined to proceed, or had they applied to the court to suppress the report of the commission, and adjudged the proceeding abandoned because of the delay, the situation might possibly be different. They did not, however, do this, but went on with their proof before the commissioners after the expiration of four months from the order appointing them, presumably in the hope that the award would be satisfactory. Having failed in this expectation, they permit the report to slumber a year, and now for the first time raise the objection of delay. While it must be confessed that the entire proceeding has been conducted with extreme deliberation, I am unable to see that the claimants have in any way been prejudiced by the leisurely manner in which it has progressed, nor do I discover the omission of any step the taking of which would have further tended to their protection, and therefore do not think that the delay is a sufficient reason for denying the application to confirm.

It is urged that the commissioners erred in erroneously admitting evidence which was irrelevant and incompetent, and in excluding competent testimony against the objection of the property owners. A careful examination of the testimony fails to convince me that this criticism is well founded. The commissioners seem to have proceeded with care, to have been liberal in the admission of testimony tending to show the loss sustained by the owners of the property affected by the proposed extension, and to have been cautious in excluding testimony offered upon that branch of the proceeding; and, considering the multitude and character of the objections upon which they were called upon to pass, their decisions in receiving and excluding testimony are so nearly in accord with my own view of the course they should have pursued as to render discussion unnecessary. They committed no error which requires the rejection of their report because of incorrect rulings during the trial.

It is further objected that the award, especially to Mrs. Terry, is inadequate. The charter, as has been stated, provides that the commissioners, in awarding compensation, shall make due allowance for any benefit to be derived by the property owners from the proposed improvement. Much testimony was given, and the awards are far less than the sums which, in the opinion of most of the witnesses, would compensate for the loss sustained. Commissioners, however, are presumed to be selected with special reference to their fitness for the position, and the duties which they are expected to discharge; and such experience as they have may be brought to their aid in the performance of their office. They are to be guided largely by their own judgment as they view the premises, and can better estimate the amount of damage sustained than can a court sitting in review of their action. It would, indeed, be an artless commission, whose members accepted without qualification the opinion of witnesses, if it did violence to their own dispassionate judgment after a view of the

property and a careful consideration of all the questions involved. For the court to arbitrarily set aside their award, unless some error of law is plainly manifest, or it be apparent they adopted an erroneous principle in reaching their conclusion, would be to usurp the functions which the statute confers upon them, rather than a judicial exercise of its own discretionary power; and it ought not to substitute its own judgment for theirs even if it differs from them. This is, and long has been, the well-settled rule. In re Public Parks, 53 Hun, 280, 6 N. Y. Supp. 750; In re Transit Co., 47 Hun, 396; In re Com'rs of Central Park, 51 Barb. 277; In re Main Street (Sup.) 25 N. Y. Supp. 267; In re William and Anthony Streets, 19 Wend. 678; In re Pearl Street, Id. 651; In re John and Cherry Streets, Id. 659; In re Harman Street, 16 Johns. 231; In re Furman Street, 17 Wend. 649; In re Carpenter, 11 Misc. Rep. 690, 32 N. Y. Supp. 826.

I can discover no sufficient legal reason for annulling the report, and the motion to confirm it is therefore granted.