Day, J.
 

 This is an action in quo warranto whereby it is sought to test the right of Ross Turner and William Switzer to hold positions as members of the county board of education of Hardin county.
 

 It is conceded that defendants were duly elected as members of the county board of education on the 7th day of November, 1923; that they were elected for a term of four years beginning the third Saturday in January, 1924, to succeed Wil
 
 *39
 
 liana Holland and J. O. 'Sherrick, whose terms expired by statutory provision; that on the third Saturday of January, 1924, the three holdover members of the board and the two defendants met in the office of the county superintendent of schools, which superintendent is by law the secretary of the board; that said board at this meeting fixed the time and place for the regular meetings for the ensuing year and passed two resolutions relative to transferring territory, and considered the question of holding an institute, all members voting in the affirmative; that thereupon the meeting adjourned about 3:30 o’clock in the afternoon, January 19, 1924, to convene again at its next regular date of meeting.
 

 It appears that said Boss Turner and William Switzer had not qualified according to law as members of the county board of education of Hardin county by taking the oath of office, as provided in Section 4731, General Code of Ohio, whereupon they immediately secured from the county superintendent copies of the oath necessary to be taken, and proceeded to the office of the probate judge in the same building, a person qualified to administer oaths, where the oath of office was administered to each of said defendants, who returned to the office and filed the same with the county superintendent. This occurred about 4 o’clock, p. m., on January 19, 1924, all transpiring on the third Saturday of January, being the first day of the term of four years for which they had been previously elected on November 7, 1923.
 

 Now, it is claimed by the relator that said Turner and Switzer by not taldng the oath of office
 
 *40
 
 before entering upon tbeir said term, as provided by Section 4731, General- Code, acquired no legal title to their office, and that all the proceedings of said board are unlawful, and that said Turner and Switzer are intruders and unlawfully hold their office and membership on said county board of education of Hardin county.
 

 Does quo warranto lie to oust these two new members who took their oath of office and qualified on the third Saturday of January, 1924, although they had previously on that day participated in the meeting of said county board, and although they have since the third Saturday of January, 1924, been performing their duties as members of the county board of education?
 

 Now, there is no contention that these defendants were not duly elected, according to Section 4729, General Code, for the full period of four years from the third Saturday of January, 19'24, to serve until their successors should be elected in like manner to serve for a term of four years.
 

 The question then resolves itself into one of statutory construction. Was there a vacancy upon this board because these new members qualified for their office on the third ¡Saturday in January, although they had previously on that day taken part in a meeting of the board and have since that date been acting as members of such board? Will quo warranto lie against the defendants for those reasons? As put by counsel for relator in his brief, the questions for determination are:
 

 (1) Did the defendants fail to qualify “be
 
 *41
 
 fore entering upon the duties of their office,” respectively?
 

 (2) The defendants having failed to take the oath of office before the beginning of their business, are their offices now vacant?
 

 Section 4731, General Code, as originally passed February 5, 1914 (104 O. L. 137), provided that “each member of the county board of education shall within
 
 ten days
 
 after receiving notice of his election” take an oath that he will faithfully perform the duties of his office. Said act was amended in volume 108, pt. 1, p. 706, on May 28, 1919, leaving out the ten-day period, but simply prescribing the oath that shall be taken “before entering upon the duties of his office.”
 

 Said section now reads as follows:
 

 “Each member of the county board of education shall before entering upon the duties of his office, take an oath that he will faithfully perform the duties of his office. Such oath may be taken before any one authorized by law to administer oaths. If any person so elected shall fail to take such oath before the beginning of his term, the office to which he was elected shall be considered vacant. Any vacancy on the board shall be filled in the same manner as is provided in ¡Section 4748 of the General Oode.”
 

 Section 4732, General Code, provides for time of meeting, organization, eta:
 

 ‘ ‘ Each county board of education shall meet on the third Saturday of January of each year, and shall organize by electing one of its members president and another vice-president, both of whom shall serve for one year. The county superintendent
 
 *42
 
 shall act as secretary of the board. The secretary shall keep a full record of the proceedings of the board, properly indexed, in a book provided for that purpose. Each motion, with the name of the person making it and the vote thereon, shall be entered on the record.”
 

 Section 4733, General Code, provides:
 

 “The regular meetings of the county board of education shall be held at the office of the county superintendent. At the time of the first meeting, the board shall fix the time for holding its regular meetings. Regular meetings shall be held at least every two months and when necessary other meetings may be held at the call of the president, or any two members. A majority of the board shall constitute a quorum at any regular or special meeting.”
 

 Was there such an entering upon the duties of their office by performing official acts as forfeited their right to such office?
 

 The answer of this question necessarily depends upon the period of time within which they may qualify. This court has heretofore construed this same section in the case of
 
 State, ex rel. Maxwell, Pros. Atty.,
 
 v.
 
 Wilson,
 
 106 Ohio St., 224, 140 N. E., 183, and we deem that case decisive of the matter herein involved.
 

 The second syllabus in the
 
 Maxwell case
 
 is as follows:
 

 “There is no vacancy in the office of a member of the board of education, where such member, who has been duly elected, takes the official oath at any time during the first day of the official term and ‘before entering’ upon his office duties,
 
 *43
 
 pursuant to Sections 4729 and 4731, General Code.”
 

 On pages 226 and 227 (140 N. E., 184), in the opinion, the following language is used:
 

 “Let us dissect Section 4731. It is a double-headed section. The first sentence relates wholly to the elected member qualifying for his official duties, and provides when and how he shall so qualify. * * *
 

 “The second sentence as to who may administer oaths of office is entirely superfluous, and is already provided for in all other statutes. But the next two sentences provide not for the qualification of members of the board, but for their failure to qualify, and for the resulting vacancy.
 

 “The sole contention of the defendants is that the language, ‘if any person so elected shall fail to take such oath before the begiiming of his term, the office * * * shall be considered vacant,’ means that he must take his oath before January 21. Why? His term did not begin before January 21; he had no duties to perform before January 21. Who would be prejudiced or benefited by his taking his oath before January 21? Standing alone, if the language read ‘before the beginning of
 
 the
 
 term,’ it might if literally and technically construed be twisted into that requirement. But the language is not ‘before the beginning of the term,’ but ‘before the beginning of
 
 Ms
 
 term,’ and his term cannot begin until he takes the oath, which he did on January 21, the day on which the official term began.”
 

 In the instant case no attempt was made to
 
 *44
 
 declare a forfeiture or fill vacancies, as was done in
 
 State, ex rel.,
 
 v.
 
 Wilson, supra.
 
 These defendants were elected by the people of their county for the full term of four years, from and after the third Saturday in January, and if they qualified upon the third Saturday of January the spirit of the statute, as well as its letter, has, in our opinion, been complied with. After they took the oath of office, their term began, and having all the third Saturday of January in which to qualify they became legal members and no vacancy existed.
 

 In any proceedings of the board in which they took part after taking their oath of office they had a legal right to participate. As to the legality of a meeting of the board before the defendants qualified, this matter is not necessarily before us for determination, but being suggested in the petition we may say that the record shows that on all matters considered there were no dissenting votes, and that by the terms of Section 4733, General Code, a majority of the board constituted a quorum and therefore sufficient for the transaction of business.
 

 In the case of
 
 State, ex rel.,
 
 v.
 
 Ruff,
 
 4 Wash., 234, 29 Pac., 999, 16 L. R. A., 140, annotated, the Supreme Court of the State of Washington held:.
 

 “Failure to take the oath of office within the time specified by law does not
 
 ipso facto
 
 create a vacancy which will prevent the officer from qualifying thereafter if it is done before any steps are taken to declare the vacancy, although the statute declares that the office shall become vacant on refusal or neglect to take the oath within the time prescribed.”
 

 
 *45
 
 The statute of the state of Washington, Section 3063 of the Code of 1881, provides :
 

 “Every office shall become vacant * * * on
 
 * * *
 
 refusal or neglect to take * *
 
 '*
 
 oath of office * * * withm the time prescribed by law.”
 

 In the opinion the court says:
 

 “The people, by their votes, determine their choice of officers, and they should not be robbed of the fruits of such choice for slight or insufficient reasons; and to hold that the Legislature intended-to rob them of such fruits by reason of the fact that their choice qualified 16 days instead of only 15 after notice of his election, would only be justified when language had been used which made such construction absolutely necessary. From the expiration of the 15 days after notice of his election until the date of the qualification of respondent it would have been competent for the proper authority to have declared the office vacant under the provisions of Section 3063, but, no action having been taken thereunder until the respondent was fully qualified, his right to the office became absolute.”
 

 The law does not look with favor upon declaring a forfeiture in an office to which one has been elected in a legal manner, and where the office has not been declared vacant, and no other rights or title have intervened, such irregularities as failure to give bond, or take the oath of office within a certain time, have not generally been held to be sufficient grounds for declaring a forfeiture of the office.
 

 In support of this view we call attention to
 
 *46
 
 the following authorities:
 
 Duffy
 
 v.
 
 State, ex rel.,
 
 60 Neb., 812, 84 N. W., 264;
 
 Bd. of Com’rs. of Knox County
 
 v.
 
 Johnson,
 
 124 Ind., 145, 24 N. E., 148, 7 L. R. A., 684, 19 Am. St. Rep., 88;
 
 Ross
 
 v.
 
 Williamson,
 
 44 Ga., 501;
 
 People ex rel.
 
 v.
 
 Watts,
 
 73 Hun, 404, 26 N. Y. Supp., 280;
 
 State
 
 v.
 
 Colvig,
 
 15 Or., 57, 13 Pac., 639;
 
 People ex rel.
 
 v.
 
 McKinney,
 
 52 N. Y., 374;
 
 State ex rel.
 
 v.
 
 Johnson,
 
 100 Ind., 489; Mechera on Public Offices, Sections 265, 266;
 
 Sprowl
 
 v.
 
 Lawrence,
 
 33 Ala., 674;
 
 City of Chicago v. Gage,
 
 95 Ill., 593, 35 Ara. Rep., 182;
 
 People ex rel.
 
 v.
 
 Holley,
 
 12 Wend. (N. Y.), 481;
 
 State
 
 v.
 
 Churchill,
 
 41 Mo., 41;
 
 State
 
 v.
 
 Porter,
 
 7 Ind., 204;
 
 State ex rel.
 
 v.
 
 Falconer,
 
 44 Ala., 696.
 

 Entertaining the view that the legal question involved herein has been decided in
 
 State ex rel.
 
 v.
 
 Wilson, supra,
 
 we are constrained to deny the application of the relator. To allow the same would be to give too technical and strict a construction of statutory enactment in school matters, and would subvert the will of the people as expressed in their selection of those whom they desire to act in public office to which they have elected them.
 

 Writ refused.
 

 Marshall, C. J., Bobinson, Jones, Matthias, and Allen, JJ., concur.
 

 Wanamaker, J., not participating.